HERBERT A. CHARY, ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF MADELINE MOROZAN (ALSO KNOWN AS MAGDALINE MOROZAN), PLAINTIFF-RESPONDENT, v. FIRST SAVINGS AND LOAN ASSOCIATION OF LITTLE FALLS, DEFENDANT-RESPONDENT, AND EDWARD T. ZELTNER, DEFENDANT-APPELLANT.

Argued April 5, 1960—Decided May 23, 1960.

*Mr. Theodore E. B. Einhorn* argued the cause for the defendant-appellant (*Mr. Irwin Kanengiser,* attorney; *Mr. Theodore E. B. Einhorn* on the brief).

*Mr. Herbert A. Chary, pro se.*

PER CURIAM.   On the defendant Zeltner's motion for summary judgment, Judge Collester, in the Probate Division of the Passaic County Court, filed the following opinion:

"This matter came before this Court on the motion of the defendant, Edward T. Zeltner, for the entry of a summary judgment in his favor as a matter of law.

This action was commenced by the filing of a complaint by Herbert A. Chary, Administrator with the will annexed of the Estate of Madeline Morozan, also known as Magdaline Morozan, wherein said administrator seeks a judgment against the defendants, Edward T. Zeltner and the First Savings and Loan Association of Little Falls, to require the defendant Zeltner to pay over to said administrator $2,500 withdrawn by said defendant from a membership account maintained by the association in the name of 'Magdaline Morozan or Edward T. Zeltner' and to require the defendant First Savings and Loan Association to pay over to the administrator a balance of $2,500 remaining on deposit in said account.

The defendant Edward T. Zeltner in his answer filed to said complaint denies that the sum of $2,500 withdrawn by him after the testatrix' death is property of the estate and filed a counterclaim demanding that said administrator deliver over to said defendant all necessary inheritance tax waivers required to permit the association to release the balance on deposit in said account to the defendant. Said defendant further filed a cross-claim against the First Savings and Loan Association of Little Falls demanding judgment requiring said association to pay over the balance of said account to the cross-claimant.

The defendant First Savings and Loan Association interpleads demanding a judgment as to which claimant is entitled to the balance on deposit in said account.

The sole issue to be determined on this motion is whether or not the applicable statutes, *N. J. S. A.* 17:12A–48.3 and *N. J. S. A.* 17:12A–49.1, vest in the defendant Edward T. Zeltner, as a matter of law, title to the $2,500 withdrawn by him after testatrix' death and the remaining $2,500 still on deposit in said account.

The pertinent language of the statutes reads as follows:

'17:12A–48.3

A. A membership account in an association may be maintained in the names of 2 or more persons, payable to either, or to any, or to the survivor or survivors. * * * Upon the death of any such persons, the association shall pay the moneys to the credit *of the survivorship account,* less all proper set-offs and charges, *to, or pursuant to the order of, the survivor or survivors.*

B. When either, or both, or one or more of the 2 or more persons in whose names *a membership account* is maintained *in any form described in this section,* makes a payment or payments to such account, or causes a payment or payments to be made to such account, such person or persons *shall be conclusively presumed to intend to vest* in the other or others a present beneficial interest in each payment so made, and in the moneys to the credit of the account from time to time, to the end that, upon the death of any such person or persons, all the right and title of the person so dying in and to the moneys to the credit of the account on his death, less all proper set-offs and charges, *shall at such death, vest solely and indefeasibly in the survivor or survivors.*

\* \* \* \* \* \* \* \*

D. This section shall apply to all membership accounts maintained in an association in the names of 2 or more persons, *payable to either, or to any, or to the survivor or survivors,* regardless of whether the names of the 2 or more persons are stated in the conjunctive or the disjunctive, or otherwise and regardless of whether the account is expressed to be payable *to either or any of such persons or to the survivor or survivors,* or is expressed to be payable *to either or any of such persons and to the survivor or survivors of them.*

\* \* \* \* \* \* \* \*

F. When a membership account is maintained in the names of 2 or more persons *in any form described in this section,* the right of the survivor or survivors of the 2 or more persons to be vested with sole and indefeasible title to the moneys to the credit of the account on the death of any of such person or persons, shall not be denied, abridged, or in any wise affected because such right has not been created by a writing in accordance with the law of this State prescribing the requirements to effect a valid testamentary disposition of property.' (Emphasis added)

'17:12A–49.1

When a membership account is maintained in a savings and loan association or building and loan association in the names of two or more persons, *payable to either or any or to the survivor or survivors,* the right of the survivors to be vested with sole and indefeasible title to the moneys to the credit of the account on the death of

the first of such persons to die, shall not be denied, abridged, or in any wise affected because such right has not been created by a writing executed in accordance with the laws of this State prescribing the requirements to effect a valid testamentary disposition of the property. This action shall apply regardless whether the names of the 2 or more persons are stated in the conjunctive or in the disjunctive or otherwise.' (Emphasis added)

There was received in evidence a copy of the *Senate Bill No.* 267 which ultimately was enacted into law as *N. J. S. A.* 17:12*A*–48.3, *supra* and *Senate Bill No.* 266 which was enacted into law as *N. J. S. A.* 17:12*A*–49.1, *supra*.

The explanatory statement appended to *Senate No.* 267 reads as follows:

'It is the purpose of this bill to provide for survivorship in certain accounts maintained in savings and loan associations and building and loan associations.
This bill provides that the presumption of an intent to create the right of survivorship shall be conclusive.
It follows the principle established by Chapter 209 of Laws of 1954 relating to certain time or demand deposit accounts maintained in banking institutions.'

The explanatory statement appended to *Senate Bill No.* 266 reads as follows:

'The purpose of this bill is to provide *that the provisions for survivorship in certain* savings and loan accounts and building and loan accounts will not be unenforcible on the ground that they do not comply with the laws governing the making of wills. This bill follows the principle established by Chapter 208 of the Laws of 1954 relative to similar bank accounts.' (Emphasis added)

■ A careful reading of the statutes above set forth indicates that the 'conclusive presumption' of an intent to vest title to the money on deposit in a membership account to a survivor applies only where the account *contains a provision* that on the death of one of the parties the account shall then be paid to 'the survivor or survivors.'

The account in the First Savings and Loan Association of Little Falls was opened in the name of 'Magdaline

Morozan or Edward T. Zeltner.' It did not contain additional language stating that (upon death of one) it was payable to the survivor.

In the opinion of this court *N. J. S. A.* 17:12A–48.3 and 17:12A–49.1, when enacted in 1955, were solely for the purpose of establishing a conclusive presumption of vesting title to moneys in such an account in a survivor when the account so stated. This statute was to overcome the strict requirements of the law governing the making of wills.

Whether such a statute violates the *Constitution* is not presently in issue, but see *Howard Savings Institution v. Quatra,* 38 *N. J. Super.* 174 (*Ch. Div.* 1955), pertaining to a similar statute enacted relating to trusts.

In *Farris v. Farris Engineering Corp.,* 7 *N. J.* 487 (1951), at *page* 501, the court stated:

'[5] The supposition is erroneous that one who deposits his own funds in a new account in the name of himself and another is to be thereby conclusively presumed to have made a gift of one-half of the account to the other or to have created a joint tenancy in the account. A simple compounded joint account might in a reasonable probability be intentionally originated and maintained solely for the expediency of the one depositor. A joint account, i. e., one entered to the credit of two individuals, is not inevitably to be recognized as inherently a joint tenancy where the moneys deposited belong solely to the one. Some fact or circumstance evidential of a donative intent must be apparent to warrant the inference of a joint tenancy. *Kelly v. Kelly, supra, page* 320 and the cases cited there. *Cf. Meyer v. Meyer,* 124 *N. J. Eq.* 481 (*Ch.* 1938).

[6, 7] Where a deposit is opened for example in the name of "John Smith and/or Ella Smith," and the depositor deposits his money in this manner so that from the moment of deposit he is at liberty to draw it out when he pleases, then there is not such a complete stripping of the donor of all dominion or control over the thing given so that it can be said as a matter of law that the gift is complete. *Morristown Trust Co. v. Capstick,* 90 *N. J. Eq.* 22 (*Ch.* 1919), affirmed *sub nom. Morristown Trust Co. v. Safford,* 91 *N. J. Eq.* 152 (*E. & A.* 1919). A deposit in such form is clearly distinguishable from a deposit when the account is opened in the following language: "This account and all the moneys to be credited in it belong to us as joint tenants and will be the absolute property of the survivor of us; either and the survivor to draw." In such

cases there is a clear intent to make a gift *in praesenti*. *Steinmitz [Steinmetz]* v. *Steinmetz*, 130 *N. J. Eq.* 176 (*Ch.* 1941); *Goc v. Goc*, 133 *N. J. Eq.* 206 (*Ch.* 1943), affirmed 134 *N. J. Eq.* 61 (*E. & A.* 1943); *Kelly v. Kelly, supra.'*

See also *Fruzynski v. Radler,* 23 *N. J. Super.* 274 (*App. Div.* 1952), at *pages* 283–284.

Accordingly the motion for judgment as a matter of law in favor of the defendant Edward T. Zeltner is denied.

An appropriate order will be submitted to the court in accordance with this opinion by counsel for the administrator."

Following the denial of the defendant Zeltner's motion, the cause was tried to Judge Nadell in the same court. After final hearing, Judge Nadell found that the decedent had not, in fact, made a gift of the funds deposited, and entered judgment for the plaintiff against both defendants. We certified the defendant Zeltner's appeal prior to argument in the Appellate Division.

■■ The appeal is addressed solely to the denial of the defendant Zeltner's motion for summary judgment. He does not challenge Judge Nadell's factual determination. We conclude that the defendant's motion for summary judgment was properly denied. In addition to the reasons expressed in Judge Collester's opinion, we note that *N. J. S. A.* 17:12A–48.3 and 49.1 should be read *in pari materia* with *N. J. S. A.* 46:37–1 and *N. J. S. A.* 17:9A–218, the parallel provisions for joint accounts in banking institutions. When the last mentioned statute was enacted in 1948, it applied "when a deposit has been or shall be made with a banking institution in the names of two persons, *payable to either,* or payable to either or to the survivor * * *." (Emphasis supplied) In 1954 *N. J. S. A.* 17:9A–218 was amended to apply only "when a time or demand deposit account is maintained in a banking institution in the names of 2 persons, payable to either or to the survivor * * *." *L.* 1954, *c.* 209, § 3. The phrase "payable to either" standing alone

in the 1948 statute was eliminated. Clearly, the statute as amended was not intended to be applied to joint accounts not expressed as survivorship accounts. On the same day the Legislature enacted *L*. 1954, *c*. 208, § 1, *N. J. S. A.* 46:37–1, which is the counterpart of *N. J. S. A.* 17:12A–49.1 for joint deposits in banking institutions. *N. J. S. A.* 46:37–1 applies only "when a time or demand deposit account is maintained in a banking institution in the names of 2 persons, payable to either or to the survivor, or payable to either and to the survivor * * *." Here again it is made clear that the provision has no application to accounts not expressly made survivorship accounts. The only difference between the pertinent language of *N. J. S. A.* 17:9A–218, as amended, and *N. J. S. A.* 17:12A–48.3 is that occasioned by the insertion in the latter section of the words "or more" and "to any" to cover accounts in which more than two persons have an interest. And the only operative difference between the pertinent language of *N. J. S. A.* 46:37–1 and *N. J. S. A.* 17:12A–49.1 is also that inserted in the latter section to cover accounts in which more than two persons have an interest.

In view of our conclusion that *L*. 1955, *c*. 241, § 3 and *c*. 132, § 1, *N. J. S. A.* 17:12A–48.3 and 49.1, are not applicable to the present case, we need not consider the plaintiff's constitutional attack upon those provisions.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.