MARIE J. WARD, PLAINTIFF-RESPONDENT, v. MARINE NATIONAL BANK OF WILDWOOD, N. J., A BANKING CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT, AND CLAUDE F. COX, ADMINISTRATOR OF THE ESTATE OF CHARLES M. COX, Jr., DECEASED, DEFENDANT-APPELLANT.

Argued March 5, 1962—Reargued June 4, 1962—
Decided July 3, 1962.

*Mr. George Y. Schoch* argued the cause for defendant-appellant.

*Mr. Palmer M. Way, Jr.,* argued the cause for plaintiff-respondent.

*Mr. Israel Spicer* argued the cause for New Jersey Bankers Association, *amicus curiae* (*Mr. J. Fisher Anderson,* attorney).

The opinion of the court was delivered by

HANEMAN, J.   Appeal is herein taken from an order of the Cape May County Court granting plaintiff's motion for summary judgment.   The judgment awarded plaintiff, Marie J. Ward, funds remaining in two accounts opened in 1957 in defendant bank, both entitled "Charles M. Cox, Jr. or Marie J. Ward, payable to either or the survivor." Charles M. Cox, Jr. died in November 1959.   Claude F. Cox, the appellant herein, was appointed administrator of the decedent's estate and claimed the funds remaining in the above entitled savings and checking accounts.   Plaintiff also asserted her ownership and brought suit to adjudicate title to the accounts and to compel the bank to hand over the moneys.   Appeal was taken to the Appellate Division from the judgment of the County Court, but before argument there we certified the case on our own motion.

The basis for the decision of the County Court was *N. J. S. A.* 17:9A–218, which reads in part:

"A. When a time or demand deposit account is maintained in a banking institution in the names of 2 persons, payable to either or to the survivor, the banking institution shall pay any moneys to the credit of the account from time to time to, or pursuant to the

order of, either of said persons during the lives of both, in the same manner as if the account were in the sole name of such of the 2 persons to whom, or pursuant to whose order, the moneys are paid. Upon the death of the first of the 2 persons to die, the banking institution shall pay the moneys to the credit of the account, less all proper set-offs and charges, to, or pursuant to the order of, the survivor.

B. When either, or both, or only 1 of the 2 persons in whose names a time or demand deposit account is maintained in any form described in this section, makes a deposit or deposits in such account, or causes a deposit or deposits to be made in such account, such person shall be conclusively presumed to intend to vest in the other a present beneficial interest in each deposit so made, and in the moneys to the credit of the account from time to time, to the end that, upon the death of the first of the 2 persons to die, all the right and title of the person so dying in and to the moneys to the credit of the account on his death, less all proper set-offs and charges, shall, at such death, vest solely and indefeasibly in the survivor.

C. *    *    *

D. *    *    *

E. *    *    *

F. When a time or demand deposit account is maintained in the names of 2 persons in any form described in this section, the right of the survivor of the 2 persons to be vested with the sole and indefeasible title to the moneys to the credit of the account on the death of the first of the 2 persons to die, shall not be denied, abridged, or in anywise affected because such right has not been created by a writing executed in accordance with the law of this State prescribing the requirements to effect a valid testamentary disposition of property." *L.* 1954, *c.* 209, § 3.

Appellant contends that the statute works an unconstitutional denial of property. Such characterization of the law is justified, it is asserted, because by the terms of the statute maintenance of an "either or survivor" account establishes a conclusive presumption that the intent of the parties to the account was to vest the survivor with full beneficial interest in and ownership of the amounts remaining therein at the death of the other owner. Utilization of the device of a "conclusive presumption" precludes judicial probing into the true nature of the parties' intent thus denying to the decedent's estate the opportunity to introduce evidence of intent, all of which is, allegedly, unconstitutional.

No reported case in this State has previously considered the constitutionality of *N. J. S. A.* 17:9A–218. Reliance, however, is placed upon the reasoning in *Howard Savings Institution v. Quatra*, 38 *N. J. Super.* 174 (*Ch. Div.* 1955), which declared *N. J. S. A.* 17:9A–216 unconstitutional on similar grounds. The statute there provided that where a depositor opened a savings account in trust for a named beneficiary he would be conclusively presumed to have intended to vest in the *cestui* full ownership rights to any funds remaining on deposit at the depositor-trustee's death. We have recently decided a case involving that same statute and attack and have rejected the view taken in *Quatra, supra.* See *Howard Savings Institution v. Kielb, Rzocsoc, et al.,* 38 *N. J.* 186 (1962).

The genesis of *N. J. S. A.* 17:9A–216 closely parallels that of the statute now under consideration, and leads to the conclusion that the same interpretive approach used in *Howard, supra,* should here be adopted.

In 1901 the first statute governing "either or survivor" accounts was passed, providing that the funds in such accounts

"\* \* \* may be paid to either of said persons, whether the other be living or not \* \* \*." *L.* 1901, *c.* 87, *p.* 200.

This statute pertained to accounts in savings banks and was later re-enacted as section 27 of "An Act Concerning Savings Banks," *L.* 1906, *c.* 195, *p.* 356. A similar statute governing accounts in commercial banks, and employing almost identical language, soon followed. *L.* 1907, *c.* 40, *p.* 75. This latter statute was construed as being intended only to protect the bank from liability in making payment to either party presenting the passbook. *Reeves v. Reeves,* 102 *N. J. Eq.* 436 (*Ch.* 1928).

After the 1907 act had been amended (*L.* 1936, *c.* 212, *p.* 553) it was carried over into the Revised Statutes as *R. S.* 17:9–5. The significant changes added in 1936 pro-

vided that at the death of one of the parties to the account, the funds remaining therein

"\* \* \* shall be paid to the survivor and the legal representatives of the one dying shall not have any claim or right thereto \* \* \*."

When called upon to apply this statute, however, the court held that an account opened in statutory form created a mere "rebuttable presumption" of the survivor's title to the balance of the account. *Rush v. Rush,* 128 *N. J. Eq.* 611 (*E. & A.* 1946). Thus, as was done in cases involving accounts in trust form (see *Howard, supra,* at *p.* 186) the imperative language of the statute was judicially emasculated and reduced to the status of a rebuttable presumption. The *Rush* decision was followed in *Stiles v. Newschwander,* 140 *N. J. Eq.* 591 (*E. & A.* 1947).

In 1948 there occurred a revision which grouped in one statute the rules governing joint accounts no matter in what type of financial institution they might be maintained. *L.* 1948, *c.* 67, § 218.

No language substantially different from that in the 1936 law was employed in the revision and the courts continued to follow the rebuttable presumption interpretation first accorded in *Rush, supra.* See, *e. g., In re Perrone,* 5 *N. J.* 514 (1950); *Farris v. Farris Engineering Corp.,* 7 *N. J.* 487 (1951).

In obvious response to the court's insistence that, if the Legislature meant survivorship to be an invariable attribute of a joint bank account, it would have to say so in terms not capable of being interpreted as raising a mere rebuttable presumption, the amending act here at issue was passed. Confirmation of the conclusion that the phrasing of the new statute in terms of a conclusive presumption was in response to judicial prodding is afforded by the introducer's statement attached to the bill which became *L.* 1954, *c.* 209.

"It is the purpose of this bill to provide for survivorship in certain time or demand deposit accounts maintained in banking institutions.

The courts have held that present law raises only a rebuttable presumption of an intent to create the right of survivorship.

This bill provides that the presumption of an intent to create the right of survivorship shall be conclusive."

It becomes clear, then, that both *N. J. S. A.* 17:9A–216 and *N. J. S. A.* 17:9A–218 were fashioned in terms designed to fill the same judicially expressed need. For the same reasons set out in *Howard, supra, i. e.,* that although the statute is couched in terms of a presumption, the true legislative intent was to make a new rule of substantive law, we reject the attack on the constitutionality of the latter statute and hold that it represents a valid exercise of the legislative power to alter both the common law requirements of gifts and the Statute of Wills. Nor are we alone in this view for other states have held similar statutes governing these accounts constitutional. See *Hill v. Badeljy,* 107 *Cal. App.* 598, 290 *P.* 637 (*D. Ct. App.* 1930); *Heiner v. Greenwich Savings Bank,* 118 *Misc.* 326, 193 *N. Y. S.* 291 (*Sup. Ct.* 1922). Quite clearly, the statute here involved gives both parties to the account a present right of survivorship.

One other aspect of this case deserves mention. Allegations of fraud and mistake in the opening of the accounts were made by the appellant. Defenses of fraud, duress, undue influence or mistake are available against any property disposition by gift or will and nothing in this statute requires a limitation on their availability in the instant case. See *Howard, supra.*

For the above reasons the judgment is reversed and the matter remanded for plenary trial on the allegations of fraud and mistake.

*For reversal*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.