91 N.J. Super. 164 (1966)
219 A.2d 527
MARION VAN PELT, PLAINTIFF-RESPONDENT,
v.
WEST ESSEX SAVINGS & LOAN ASSOCIATION, A SAVINGS & LOAN ASSOCIATION OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 28, 1966.
Decided April 29, 1966.
*165 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
Mr. George H. Harbaugh argued the cause for appellant (Mr. Irwin Kanengiser, attorney).
Mr. John E. Hughes argued the cause for respondent.
PER CURIAM.
Plaintiff sued to recover funds on deposit with defendant savings and loan association. The essential facts have been stipulated.
The account in controversy was opened on April 23, 1958 in the names of "Marion or Frederick G. Van Pelt." Thenceforth each party, husband and wife, made deposits thereto and withdrawals therefrom.
On August 29, 1961 Frederick Van Pelt borrowed the sum of $2,000 from the defendant depository and pledged the account as security for the loan. The passbook was retained by the association. Plaintiff was informed by her husband of his intentions to obtain a $1,000 loan, and he "advised her the savings account would be pledged by him," and thereafter she made deposits to the account. Subsequently, Frederick Van Pelt abandoned his wife and children.
On February 24, 1962 plaintiff applied to the association for a withdrawal of the entire account, which at that time was in the amount of $2,141.11. Defendant, however, to the dissatisfaction of plaintiff, deducted the total of its loan with accrued interest thereon and tendered to her the balance of $32.90, representing the difference between her husband's indebtedness to the association and the balance in the account.
The pending proceedings instituted by plaintiff resulted in a judgment in her favor for the principal sum of $2,141.11, *166 being the entire balance of the account, together with interest and costs. The association appeals.
The trial judge relied upon N.J.S.A. 17:12A-48.3, subd. A as the "controlling law" saying: "Since that statute does not speak of pledges as such, I find that one joint tenant is without authority to pledge this kind of account and bind the interest of the other co-tenant." That statutory provision, however, is inapplicable since it specifically relates to membership accounts in the names of two or more persons "payable to either, or to any, or to the survivor or survivors." In Chary v. First Savings & Loan Ass'n of Little Falls, 32 N.J. 418 (1960), we find this observation:
"In the opinion of this court N.J.S.A. 17:12A-48.3 and 17:12A-49.1, when enacted in 1955, were solely for the purpose of establishing a conclusive presumption of vesting title to moneys in such an account in a survivor when the account so stated. This statute was to overcome the strict requirements of the law governing the making of wills." (at p. 423)
See also Ward v. Marine Nat'l Bank, 38 N.J. 132 (1962). Compare Farris v. Farris Engineering Corp., 7 N.J. 487 (1951).
No words of survivorship were employed in establishing the account under review but rather, the unqualified disjunctive "or" was employed which negates the idea of a joint tenancy. Morristown Trust Co. v. Capstick, 90 N.J. Eq. 22 (Ch. 1919), affirmed o.b. (sub. nom. Morristown Trust Co. v. Safford) 91 N.J. Eq. 152 (E. & A. 1919). Cf. Forbes v. First Camden Nat. Bank & Trust Co., 25 N.J. Super. 17, 20 (App. Div. 1953). Additionally, in the instant matter, plaintiff acquiesced in her husband's declaration that he proposed to pledge approximately one-half of the account as security for a loan, and thereafter she dealt with the association knowing or having reasons to know that the passbook had been surrendered to it.
The parties stipulated that "deposits and withdrawals were made by the plaintiff and her husband in and from the *167 said account." Fundamental equity, absent proof as to a contrary intention or ownership, dictates a determination that plaintiff and her husband each had a half interest in their savings account with the defendant association. As cotenants, the respective parties had the inherent right to alienate his or her interest. See generally 2 American Law of Property, c. VI, "Incidents of Co-ownership," § 6.10, p. 46 (1952). Note, Republic of China v. Pong-Tsu Mow, 15 N.J. 139, 148 (1954).
Accordingly, the judgment of the trial court is reversed and the matter is remanded for the entry of judgment awarding one-half of the joint account of $2,141.11 with accrued interest or dividends, if any, since February 24, 1962, to plaintiff and the remaining one-half thereof to defendant pledgee of the husband's aliquot share. No costs.