326 So.2d 724

Howard W. STREET, as Administrator of the Estate of Sam W. Street

v.

W. O. HILBURN et al.

SC 1347.

Supreme Court of Alabama.

Feb. 5, 1976.

Denaburg, Schoel, Meyerson & Ogle and Ben L. Zarzaur, Birmingham, for appellant.

ALMON, Justice.

The appellant, Howard W. Street, as administrator of the estate of Sam W. Street, deceased, brought this action against appellees, Mr. and Mrs. W. O. Hilburn, for the return of certain monies which were withdrawn by Mrs. Hilburn from joint bank accounts with right of survivorship with the deceased. The withdrawals occurred after the death of Sam W. Street.

The deceased lived in the home of the appellees from February, 1971, until he died intestate on October 15, 1974.[2] He was survived by a son and daughter; his wife, Mary C. Street, having died in May, 1971.

Prior to 1971 the deceased maintained three bank accounts at Birmingham Federal Savings and Loan Association. Two of these accounts were in the joint names of the deceased and his wife. The other was in the name of the deceased, his wife, and appellee, Mrs. Hilburn.

These three accounts were, during 1970 and 1971, transferred to three new accounts at Birmingham Federal Savings and Loan Association as follows:

1. The deceased on May 20, 1970, opened account No. SHC–488 with an initial deposit of $16,000.00. This account was in the joint names of the deceased, his wife, and Mrs. Hilburn.

2. The deceased on or about July 12, 1971, opened account No. 28033. This account was in the joint names of the deceased and Mrs. Hilburn.

3. The deceased, on or about July 27, 1971, opened account No. 4–1236. This account was in the joint names of the deceased and Mrs. Hilburn.

All the money deposited belonged to the deceased. Approximately three days after his death, Mrs. Hilburn withdrew all the money from the three accounts listed above, a total of $31,053.68.

Levine & Levine, Birmingham, for appellee.

The complaint alleged that the appellees had by diverse methods wrongfully obtained the funds from the estate. The trial court, after hearing evidence without a jury, awarded the monies in dispute to the appellees. .

Appellant argues that the deceased never intended to make a gift of any of the monies in question. He asserts that the law of gifts is here applicable, that the elements of an inter vivos gift were not shown, and that the monies properly belong to the estate of the deceased.

Appellant relies very heavily on *First National Bank of Birmingham v. Hammel,* 252 Ala. 624, 42 So.2d 459, where the bank brought suit against Mr. and Mrs. Hammel to set aside the transfer of a joint savings account carried in the names of Mr. and Mrs. Hammel to the sole account of Mrs. Hammel as a fraud on the creditors of Mr. Hammel. It is true that the *Hammel* case was decided on the law of gifts. But here we have a different situation in that one of the parties is deceased and we must consider the effect of Tit. 5, § 255(4), Code of Alabama 1940, Recompiled 1958, which reads as follows:

"When a deposit has been made, or shall hereafter be made, in any savings and loan association in this state in the names of two persons, payable to either of such persons, or payable to the survivor of them, the said deposit shall, upon the death of either of said persons, become the property of and be paid in accordance with its terms to the survivor, irrespective of whether or not the funds deposited where [sic] the property of only one of said persons, and irrespective of whether or not at the time of the making of such deposit there was any intention on the part of the persons making such deposit to vest the other with a present interest therein, and irrespective of whether or not only one of said persons, during their joint lives, had the right to withdraw such deposit, and irrespective of whether or not there was any de-

livery of any account book or savings account book by the person making such deposit to the other of such persons. This section will also apply where a deposit is made in the names of more than two persons where there is a provision for survivorship. Nothing in this section shall be construed to prohibit the person making such deposits from withdrawing or collecting the same during his lifetime, nor shall the fact that such person had the right to withdraw or collect said deposit during his lifetime operate to defeat the rights herein provided for the person, or persons, surviving such depositor."

So far as we have been able to ascertain this is a case of first impression. This subject is dealt with in 43 A.L.R.3d 971, particularly under the following sections: 8. Bank protection statutes, 9. Joint tenancy statutes, and 10. Statutes expressly establishing presumption of ownership in survivor.

The Supreme Court of New Hampshire in dealing with a statute similar to our own held in *In re Wszolek Estate,* 112 N.H. 310, 295 A.2d 444 (1972) that:

"This statute, and similar ones in other States, have been classified as 'special statutes' that specifically allow the donee to take the balance remaining in the account by precluding any investigation of the donor's intent after the donor's death. 60 Mich.L.Rev. 972, 990 (1962); 41 Calif.L.Rev. 596, 608–12 (1953). In other words, such a statute establishes property rights in the survivor authorizing the payment of the balance to him without a showing of the donative intent on the part of the party furnishing the funds, or delivery of the passbook or access thereto. 26 U.Chi.L. Rev. 376, 380–89 (1959). It was intended 'to put at rest the uncertain results attendant on litigation predicated on the theory of gifts.' *Parenteau v. Gaillardetz,* 103 N.H. 92, 95, 166 A.2d 112, 114 (1960). It has relieved the surviving joint tenant of the burden of establishing

a gift inter vivos. *Brennan v. Timmins,* 104 N.H. 384, 389, 187 A.2d 793, 797 (1963)."

In *Ward v. Marine Nat'l Bank,* 38 N.J. 132, 183 A.2d 60 (1962), the New Jersey Supreme Court observed that:

". . . although the statute is couched in terms of a presumption, the true legislative intent was to make a new rule of substantive law, we reject the attack on the constitutionality of the latter statute and hold that it represents a valid exercise of the legislative power to alter both the common law requirements of gifts and the Statute of Wills. Nor are we alone in this view for other states have held similar statutes governing these accounts constitutional. See *Hill v. Badeljy,* 107 Cal.App. 598, 290 P. 637 (D.Ct.App. 1930); *Heiner v. Greenwich Savings Bank,* 118 Misc. 326, 193 N.Y.S. 291 (Sup.Ct.1922). Quite clearly, the statute here involved gives both parties to the account a present right of survivorship."

We conclude that our statute is clear in its meaning and intent that the survivor of a joint bank account is entitled to the proceeds. The trial judge ruled correctly.

The judgment in this cause is hereby affirmed.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.