This appeal was taken from a judgment in an interpleader action filed by the First National Bank of Birmingham, seeking instructions as to the proper disbursement of the sum of $20,509.94.
Claimants to the fund were Dorothy Mae Jones, as administratrix of the estate of Charles C. Jones, deceased, and Willie Jones, as the alleged survivor of a joint account with right of survivorship. At the time of the death of Charles C. Jones, the money was on deposit in a First National savings account under the names of Charles C. Jones and Willie Jones.
The trial court ordered that the assets be paid to Willie Jones. From a denial of a post-judgment motion for rehearing and reconsideration, Dorothy Mae Jones appeals.
We affirm.
 FACTS
In 1978, Johnnie Jones, father of Charles, opened a savings account with the First National Bank of Birmingham in the names of Johnnie Jones and Charles C. Jones. The deposit contract, signed by Johnnie and Charles C. Jones, as well as by a bank representative, read as follows:
 "This account is joint and several and may be withdrawn in whole or in part upon the order of either of the parties in whose name this account is opened or to the survivor of them."
Subsequent to its inception, Johnnie made deposits into and withdrawals from the account, while Charles made neither. Johnnie Jones died on March 10, 1980. Thereafter, on March 14, 1980, Charles C. Jones and his cousin Willie Jones went to the First National Bank offices, where, along with a bank representative, they each signed a signature card providing for a joint account in both their names with right *Page 206 
of survivorship, using the same contract form cited above. Charles made withdrawals from the account on occasions, but made no deposits. Willie made no deposits into or withdrawals from the account.
Charles died on February 26, 1981. On March 2, 1981, Willie Jones made demand upon the bank for the deposited monies. In the absence of a passbook, the bank refused to release the amount to Willie without an indemnifying bond. Shortly thereafter, Dorothy Mae Jones, as administratrix of the estate of Charles C. Jones, submitted to the bank her demand for the fund. At this point, the bank filed its interpleader petition.
 DECISION
Two sections of the Alabama Code, one section having superseded the other on May 28, 1980, are relevant to our analysis, and are as follows:
"§ 5-1-25.
 "(a) When a deposit shall be made in any bank doing business in this state in the names of two persons payable to either of such persons, or payable to the survivor of them, the said deposit shall, upon the death of either of said persons, become the property of and be paid in accordance with its terms to the survivor, irrespective of whether or not the funds deposited were the property of only one of said persons, irrespective of whether or not at the time of the making of such deposit there was any intention on the part of the person making such deposit to vest the other with a present interest therein, and irrespective of whether or not only one of said persons during their joint lives had the right to withdraw such deposit and irrespective of whether or not there was any delivery of any bank book, account book, savings account book or certificate of deposit by the person making such deposit to the other of such persons."
"§ 5-5A-41.
 "(a) Any deposit heretofore or hereafter made in any bank in the names of two or more persons payable to any of such persons, upon the death of either of said persons, may be paid by the bank to the survivors jointly, irrespective of whether or not:
 "(1) The form of the deposit or deposit contract contains any provision for survivorship;
 "(2) The funds deposited were the property of only one said person;
 "(3) There was at the time of making such deposit any intention on the part of the person making such deposit to vest the other with a present interest therein;
 "(4) Only one of said persons during their joint lives had the right to withdraw such deposit;
 "(5) There was any delivery of any bank book, account book, savings account book, certificate of deposit or other writing by the person making such deposit to the other of such persons; or
"(6) Any other circumstances.
 "The bank in which such deposit is made may pay such deposit, or any part thereof or interest thereon, to either of said persons, or if one is dead, to the surviving of them, and such payment shall fully release and discharge the bank from all liability for any payment so made.
 "(b) The provisions of this section shall apply to savings accounts, checking accounts and certificates of deposit and shall also apply to any deposit made in the names of more than two persons where there is an express written provision for survivorship in the deposit contract.
 "(c) Nothing contained in this section shall be construed to prohibit the person making such deposit from withdrawing or collecting the same during his lifetime; nor shall anything contained in this section prohibit any person or persons making a deposit in the names of more than one person from providing for disposition of such deposit and interest thereon in a manner different from that provided above in this section, provided such different manner of disposition is expressly provided for in writing in the deposit contract." *Page 207 
Based upon these two code sections, the trial judge determined that Willie Jones was the proper recipient of the funds in question. We quote pertinent portions of the final judgment:
 "At the time the account was created, § 5-1-25, Code of Alabama was in full force and effect. This section provided that where there was a survivorship provision on a joint account, the funds would become the property of the survivor without regard to donative intent. The Administratrix, Dorothy Mae Jones, contends that at the time Johnnie Jones died, § 5-1-25 had been repealed and a new code section superseded it which, in effect, did not determine the ownership of the property as § 5-1-25 did, but instead is limited to setting out the rights of the bank regarding the payment of funds to the survivor. Under the new statute, § 5-5A-41, Code, the Administratrix contends that ownership rights must now be decided under the common law as set out in Clark v. Young, 246 Ala. 529, 21 So.2d 331 (1944).
 "Willie Jones contends that at the time his name was put on the account with Charles Jones, § 5-1-25 was still in effect and that the rights he acquired under § 5-1-25 are preserved under § 5-5A-41, Code. § 5-1A-8, Code, provides, `Nor shall the repeal . . . of this title affect any right accrued or established . . . under the provisions of such prior act before the repeal thereof.'
 "If the time of the creation of the account controls, then the rights acquired by Willie Jones under § 5-1-25 are preserved under § 5-5A-41, and he is entitled to the funds in the account. If the time of Charles' death controls, as the Administratrix contends, then the common law standards set out in Clark would be applied to determine the ownership rights of the parties. In the Clark case, the gift in question failed because the surviving joint tenant did not have a present interest in the account. Instead, the Court found that the interest was testamentary in nature and the fact that there was no delivery enforced that finding. In this case, the evidence shows that Willie Jones had a present interest in the account and the fact that there was no delivery of the passbook does not invalidate the gift."
We hold that the proper point of inquiry is the date on which the account of Charles C. Jones and Willie Jones was created. At that time, and under § 5-1-25, then in effect, Willie Jones acquired immediate rights, albeit along with Charles C. Jones, to the monies in the account. Thereafter, pursuant to § 5-1A-8, these rights were preserved. As stated in Harris v. Dial,398 So.2d 679, 681 (Ala. 1981):
 "That statute has been considered by this Court in Street, Admr. v. Hilburn, 295 Ala. 232, 326 So.2d 724
(1976) . . . to give the survivor of such an account the right to the proceeds remaining at the death of the other, without any duty resting upon the survivor to show a donative intent upon the party furnishing the funds."
In conclusion, we make an additional observation respecting the Appellant's assertion that § 5-5A-41 vested the bank with discretion to pay (i.e., "may be paid by the bank") to the survivor of the joint account, and that when the bank has exercised that discretion in favor of withholding payment, the ownership of the account is to be determined by common law principles.
Even assuming the application of § 5-5A-41, we do not agree with this contention. Admittedly, the statute is drafted in terms which exempt the bank from liability for its payment of a joint account to the survivor. But the statute does not empower the bank to determine ownership of a joint account in its depository. Rather, title is determined in accordance with the intentions of the parties, "stated in the instrument creating such tenancy," pursuant to § 35-4-7. When § 5-5A-41 superseded § 5-1-25, effective May 28, 1980, the survivorship between joint tenants provisions of § 35-4-7, which applies to personal as well as real property, remained fully operative. FirstNational Bank v. Lawrence, 212 Ala. 45, 101 So. 663 (1924). *Page 208 
This current survivorship statute (passed originally in 1852 and last amended in 1951) would have controlled this case had the joint account in question been created on or after May 28, 1980. Stated otherwise, if the bank elected to pay the joint account to Willie Jones after the death of Charles C. Jones, not only would the bank have been exempt from liability for such payment, pursuant to § 5-5A-41, but § 35-4-7 would have vested title to the account in Willie Jones.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.