ALMON, Justice.
Josephine Jasons, as executrix of the estate of William G. Jasons, her deceased husband, appeals from a judgment in favor of Eunice Butts. Mrs. Jasons sought to recover money held in her deceased husband’s bank accounts and a certificate of deposit at First Alabama Bank.[1] Mrs. Jasons alleges that the funds were improperly paid to Mrs. Butts after Mr. Jasons’s death. She contends that the funds in the accounts were property in her husband’s estate and thus were required to be distributed according to his will.
Mrs. Jasons raises the following two issues: (1) Whether there was sufficient evidence to support the circuit court’s holding that the bank accounts and the certificate of deposit were valid joint accounts of William G. Jasons and Eunice Butts at the time of Mr. Jasons’s death; and, if so, (2) whether the evidence was sufficient to support the circuit court’s holding that the bank accounts and the certificate of deposit were joint accounts with right of survivorship.
Mr. Jasons and Eunice Butts were previously married for 10 years; they had no children. They divorced in 1943 or 1944. Mr. Jasons married Mrs. Josephine Jasons in the later 1940s, and they moved to Pennsylvania. Mr. Jasons did not divorce Mrs. Josephine Jasons, but left her in 1984 to return to Monroe County, Alabama, where he resided with Mrs. Butts until his death on August 17, 1994. Mr. Jasons’s will was probated on August 25, 1994; it gave his entire estate to Mrs. Jasons, except for two small gifts to his daughters.
Mr. Jasons opened the accounts at issue solely in his name,,at the First Federal Savings and Loan Association. in Monroeville. First Federal was subsequently acquired by First Southern Federal. Savings and Loan Association, which later changed its name to Altus Bank, a federal savings bank. Altus Bank was acquired by First Alabama Bank. On June 10, 1994, with Mrs. Butts’s knowledge and participation, Mr. Jasons added Mrs. Butts as a joint owner of a certificate of deposit (“C.D.”) at Altus Bank that was worth $6,222.04.
Mr. Jasons died on August 17, 1994. After his death Mrs. Butts went to a branch of First Alabama Bank to withdraw the proceeds of the jointly held C.D. At that time, the bank advised Mrs. Butts of another C.D., a checking account, and a savings account *613 that, the bank said, she owned jointly with Mr. Jasons. This second C.D., this savings account, and this checking account will be referred to collectively hereinafter as “the accounts at issue.” These accounts totaled $75,645.48. The accounts at First Alabama Bank were payable to “Mr. William G. Ja-sons or Mrs. Eunice Ann Butts.” Mrs. Butts withdrew the funds from these accounts.
Mrs. Jasons filed an action alleging that First Alabama Bank had unlawfully paid the accounts to Mrs. Butts. She alleged that three of the four accounts paid to Mrs. Butts had been held individually by Mr. Jasons and were thus property of his estate. Alternatively, she argued that if they were valid joint accounts, they were not jointly held with right of survivorship.
The circuit court held, after a nonjury trial, that the accounts had been jointly owned with right of survivorship and that they were properly paid to Eunice Butts after Mr. Jasons’s death.
Mrs. Josephine Jasons contends that the circuit court erred in finding that Mr. Jasons had intended to change the individual accounts to joint accounts with Mrs. Butts as a joint owner. Mrs. Josephine Jasons asserts that there was no evidence of such a change, except that Mrs. Butts’s name appeared on the accounts. Mrs. Jasons argues that there must have been a mistake by the bank that resulted in the other three accounts being changed into joint accounts.
Because the evidence in this case was presented ore tenus, “the trial court’s findings of fact are favored with a presumption of correctness and its judgment based upon those findings will not be disturbed on appeal unless it is shown to be plainly and palpably wrong.” Duncan v. Rossuck, 621 So.2d 1313, 1314 (Ala.1993).
The evidence presented at trial showed that the accounts were payable to Mr. Jasons or Mrs. Butts. Mr. Jasons had owned additional individual accounts at Altus Bank, worth approximately $40,000, that were not changed to joint accounts; those accounts were included in his estate and were bequeathed to Mrs. Josephine Jasons. Mrs. Jasons’s supposition that a bank mistake resulted in Mrs. Butts’s name being added to the accounts at issue does not account for the fact that these other accounts were not affected by the supposed mistake. Testimony by Jim Kizer, a branch manager of Altus Bank, indicated that Altus Bank employees would not place additional names on any account unless the holder of the account completed a “maintenance form” that modified the original individual account into a joint account.
Altus Bank’s procedures required that a maintenance form be signed by the depositor and mailed to another branch where all the account processing was performed. Mr. Kizer testified that one maintenance form could be used to modify several accounts. A reasonable explanation was submitted for why the documents evidencing the change in the accounts were not found. Testimony indicated that during First Alabama’s acquisition of Altus Bank all the bank records were boxed up and shipped to Altus Bank’s main headquarters in Mobile and that several of the bank’s records were lost during the process. Also, testimony indicated that Mr. Jasons received bank statements and a renewal notice that listed the accounts as jointly owned. There is no evidence that Mr. Jasons stated any contrary intention after receiving this information.
Mrs. Jasons offered no evidence, only speculation, that Mr. Jasons and Mrs. Butts were listed as joint owners by a mistake or that Mr. Jasons’s intention was contrary to the creation of joint accounts. Thus, the evidence was sufficient to support the holding that Mrs. Butts owned a joint interest in all four accounts.
Mrs. Jasons also argues that the circuit court erred in holding that the accounts included a right of survivorship. She contends that the accounts, if jointly held, are owned by the parties without survivorship rights and that under § 35-4-7, Ala.Code 1975, the words of intent necessary to create a right of survivorship are not present. Section 35-4-7 provides in pertinent part:
“When one joint tenant dies before the severance, his interest does not survive to the other joint tenants but descends and *614 vests as if his interest had been severed and ascertained; provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument.”
Hart v. Jackson, 607 So.2d 161 (Ala.1992), held that, because of lack of proof that a right of survivorship had been created as provided for by § 35-4r-7, the proceeds of the account were held without survivorship rights. Accordingly, Mrs. Jasons argues that if Mr. Jasons, and Mrs. Butts owned the accounts jointly at all, then they owned them without survivorship rights and Mr. Jasons’s estate is entitled to one-half of the funds in the accounts.
Hart v. Jackson, supra, involved deposits made in a commercial bank. Because the joint accounts of “Mr. William G. Jasons or Mrs. Eunice Ann Butts” were created in a savings and loan association, § 5-16-45, Ala. Code 1975, applies to create a joint tenancy with right of survivorship. Section 5-16-45 states in pertinent part:
“When a deposit has been made or shall hereafter be made in any savings and loan association[2] in this state in the names of two persons, payable to either of such persons, or payable to the survivor of them, the said deposit shall, upon the death of either of said persons, become the property of and be paid in accordance with its terms to the survivor, irrespective of whether or not the funds deposited were the property of only one of said persons, irrespective of whether or not at the time of the making of such deposit there was any intention on the part of the persons making such deposit to vest the other with a present interest therein, irrespective of whether or not only one of said persons, during their joint lives, had the right to withdraw such deposit and irrespective of whether or not there was any delivery of any account book or savings account book by the person making such deposit to the other of such persons. This section will also apply where a deposit is made in the names of more than two persons where there is a provision for survivorship.... ”
Section 5-16-45 operates to create a right of survivorship in deposits made in a savings and loan association, even without a survivor-ship provision, when two names are listed on the account and the account is payable to either party. Section 5-16^45 requires a survivorship provision only when the deposit is made in the names of more than two persons. Accordingly, no survivorship language was needed for a valid joint survivor-ship account in this present case. In Street v. Hilburn, 295 Ala. 232, 235, 326 So.2d 724, 725 (1976), this Court held that § 5-16-45 was “clear in its meaning and intent that the survivor of a joint bank account is entitled to the proceeds.” Accordingly, any joint account in a savings and loan association with two persons named on the account is held with right of survivorship unless the depositor of the funds expresses an intent to the contrary.
Mrs. Jasons contends that § 5-16-45 is inapplicable because First Alabama Bank, which held the accounts on the date of Mr. Jasons’s death, was a commercial bank and not a savings and loan association. Mrs. Jasons is correct in arguing that the bank holding the deposits on the date of Mr. Ja-sons’s death was a commercial bank. However, this is irrelevant for the purpose of determining whether § 5-16-45 applies. In Hart v. Jackson, supra, this Court noted: “Interests in joint bank accounts are determined according to the statute in effect at the creation of the account. Jones v. Jones, 423 So.2d 205[, 207] (Ala.1982).” 607 So.2d at 162. In Street v. Hilburn, 295 Ala. at 235, 326 So.2d at 725, this Court quoted the New Jersey Supreme Court to support the proposition that both parties to a joint account in a savings and loan association acquire a present right of survivorship under § 5-16-45. Thus, on the date the accounts of “Mr. Wil *615 liam G. Jasons or Mrs. Eunice Butts” were created in Altus Bank, a federal savings bank, Mrs. Butts acquired immediate surviv-orship rights, pursuant to § 5-16^15. These rights were not destroyed even though Altus Bank was subsequently acquired by First Alabama Bank.
Accordingly, the circuit court’s judgment is affirmed.
AFFIRMED.
HOOPER, C.J., and HOUSTON, COOK, and-LYONS, JJ., concur.

. This bank later became Regions Bank, but it will be referred to herein only as First Alabama Bank.

. Under 12 U.S.C. § 1462(d), the term “savings and loan association” includes a federal savings bank, such as Altus Bank.