BRADLEY, Judge.
The appellant, Mattie Mae Macon, widow of Miles Macon, a/k/a Miles Macon, Jr., deceased, hereinafter referred to as Mattie Macon, appeals from a judgment issued by the trial court in favor of appellee, The First National Bank of Ashford, a National Banking Association, hereinafter referred to as “First National.” We affirm.
The decedent, Miles Macon, had established two savings accounts and one checking account in the First National Bank of Ashford prior to October 9,1973. It was on this date that Mr. Macon, accompanied by his two nephews, Ermon and Benjamin Macon, met with certain officials and employees of the bank. Although the conversations between Mr. Macon and the bank employees were not allowed into court because of the dead man’s statute, the trial court deduced what had happened from the documentary evidence and evidence brought out indirectly on cross-examination. The trial court found that the two savings .accounts which existed at that time were changed, in accordance with Mr. Macon’s instructions, to survivorship accounts. One was placed in the name of Miles Macon, payable on death to Benjamin Macon, and the other account was changed to the name of Miles Macon, p. o. d. to Ermon Macon. The letters “p. o. d.” were established to be an abbreviation customarily used in the banking business in setting up survivorship accounts.
Soon after Mr. Macon’s death, Benjamin and Ermon reached an agreement with First National that the funds in the checking account consisting of $440.44 would be paid to the funeral home to help reduce the $1,300 funeral bill owed to it. There was further agreement that the remainder of the funeral bill, i. e. $859.56, would be paid out of the two savings accounts on a pro rata basis with the remainder to be paid to Benjamin and Ermon. There also appears to be evidence that Mrs. Macon had requested the funeral home bill be paid out of the funds deposited in First National. Later, however, Mrs. Macon sued First National for the wrongful payment of funds out of the three accounts to Hawk Funeral Home, and Benjamin and Ermon Macon. First National cross claimed against the defendants Benjamin and Ermon Macon and filed a third party complaint against Alveta Hawk, doing business as Hawk & Son Funeral Home, alleging that if the court found that the bank had wrongfully paid Ermon and Benjamin Macon and Hawk Funeral Home, then these parties are primarily liable to the plaintiff, Mattie Macon, for the money paid out to them by First National.
The trial court which heard the testimony without benefit of a jury held that the bank, under § 5-1-25 of the Code of Alabama 1975, properly paid Hawk Funeral Home as well as Ermon and Benjamin Macon.
The appellant relies on two issues as the basis of this appeal. The first is whether the trial court erred in applying § 5-1 — 25 of the 1975 Code of Alabama to the two savings accounts in this case where the accounts were in the name of an individual *1130 alone marked “p. o. d.” to another individual. The checking account was in the name of Miles Macon with no survivorship arrangement and is thus not involved in this issue. The second issue raised by appellant is whether a bank account in the name of one individual marked p. o. d. to another individual is effective to create a valid gift of the account on the death of the depositor, or whether it is an ineffective testamentary disposition. We find that the trial court did not err in its application of § 5-1-25 to the savings accounts. Since the first issue raised by appellant disposes of the appeal, we will not discuss her second issue.
The appellant claims that under § 5-1-25 of the 1975 Code of Alabama, First National should not have paid any money out of the two bank accounts. The pertinent section relied on by appellant reads:
(a) When a deposit shall be made in any bank doing business in this state in the names of two persons payable to either of such persons, or payable to the survivor of them, the said deposit shall, upon the death of either of said persons, become the property of and be paid in accordance with its terms to the survivor, irrespective of whether or not the funds deposited were the property of only one of said persons, irrespective of whether or not at the time of the making of such deposit there was any intention on the part of the person making such deposit to vest the other with a present interest therein, and irrespective of whether or not only one of said persons during their joint lives had the right to withdraw such deposit and irrespective of whether or not there was any delivery of any bank book, account book, savings account book or certificate of deposit by the person making such deposit to the other of such persons.
(b) This section shall apply to certificates of deposit, as well as to savings accounts and checking accounts and shall also apply where a deposit is made in the names of more than two persons where there is a provision for survivorship.
(c)Nothing contained in this section shall be construed to prohibit the person making such deposit from withdrawing or collecting the same during his lifetime, nor shall the fact that such person had the right to withdraw or collect said deposit during his lifetime operate to defeat the rights provided in this section for the person or persons surviving such depositor.
Mrs. Macon claims that the deposit must be in the “names of two persons,” i. e. a joint account, in order for § 5-1-25 to be applicable and that in the case at bar the accounts were in the name of Miles Macon only; that the accounts were neither joint accounts nor in the names of two persons payable on death to another. This court disagrees with Mrs. Macon. In the case before us Miles Macon made the two deposits in his name only and required that they remain so during his lifetime. It was only upon his death that the person designated by him would receive any money and that person would receive only what was left in the account at Miles Macon’s death. Such a factual situation clearly comes within the purview of § 5-1-25, Code of Alabama 1975.'
We think the following statement made by the trial court in its opinion is expressive of our view of the construction to be given § 5-1-25 in the factual situation before us:
Section 128(2a), Title 5, of the Code of Alabama of 1940 as recompiled in 1958 [§ 5-1-25, Code of Alabama 1975], which was in effect at the time of the payment of the funds in question, provides that a deposit made in the name of two persons payable to either of such persons or payable to the survivor of them shall be paid to the survivor in the event of the death of either. That Section specifically provides that the proceeds of such account shall be paid to the survivor irrespective of whether or not the funds were the property of only one of the persons, irrespective of whether or not there was any intention on the part of the person making the deposit to vest the other with a present interest therein and irrespective *1131 of whether or not only one of said persons had the right to withdraw such deposits during their joint lives. In other words, a depositor may place funds in a bank account so that only he may draw upon the same during his lifetime, with the other person having no present interest therein, but payable on death to the survivor.
We do not view § 5-1-25 as requiring a joint account with right of survivorship. Thus we are of the opinion that the trial court properly construed § 5-1-25 based on the facts before it. The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.