(101 So. 663)

## FIRST NAT. BANK OF BIRMINGHAM v. LAWRENCE. (6 Div. 221.)

(Supreme Court of Alabama. Oct. 23, 1924.)

1. **Banks and banking** ☞301(5) — **Husband and wife may arrange joint savings deposit so that survivor may withdraw it.**

Husband and wife may so arrange joint savings deposit as to be withdrawn in whole or in part by either, and by survivor in case of death, notwithstanding Code 1907, § 3419.

2. **Banks and banking** ☞301(5)—**Joint savings account of husband and wife held payable to survivor.**

Joint savings account, which provides that "either is authorized, under any circumstances, to sign checks for the withdrawal of funds, in whole or in part," *held* joint tenancy with right of survivorship, so that bank could pay to survivor, notwithstanding Code 1907, § 3419.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Mrs. C. M. Lawrence against the First National Bank of Birmingham to recover money deposited. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, page 449, Acts 1911. Affirmed.

Cabaniss, Johnston, Cocke & Cabaniss and Sumner E. Thomas, all of Birmingham, for appellant.

There was a joint tenancy of the property, and the interest of the husband did not sur-

vive in the wife. 33 C. J. 901; Staples v. Morris, 4 Bro. P. C. 580; Walthall v. Goree, 36 Ala. 728; Donegan v. Donegan, 103 Ala. 488, 15 So. 823, 49 Am. St. Rep. 53; Powers v. Robinson, 90 Ala. 225, 8 So. 10; Hill v. Jones, 65 Ala. 214; Code 1907, § 3419. The words stamped on the passbook showed merely an agency which terminated on the death of the husband. Taylor v. Henry, 48 Md. 550, 30 Am. Rep. 486; Norway Sav. Bank v. Merriam, 88 Me. 146, 33 A. 840; Burns v. Burns, 132 Mich. 441, 93 N. W. 1077; Skillman v. Wiegand, 54 N. J. Eq. 198, 33 A. 929; Tompkins v. McGinn (Tex. Civ. App.) 85 S. W. 452.

Andrew J. Thomas, of Birmingham, for appellee.

The relation beween the bank and depositor is one of debtor and creditor, and the bank must pay the depositor in accordance with the contract with reference to the account. 7 C. J. 327; 3 R. C. L. 527. Under the contract the bank was due to pay the deposit to the wife on presentation of the passbook. Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543; Metropolitan S. B. v. Murphy, 82 Md. 314, 33 A. 640, 31 L. R. A. 454, 51 Am. St. Rep. 473; Chippendale v. North Adams S. B., 222 Mass. 499, 111 N. E. 371; Blick v. Cockins, 252 Pa. 56, 97 A. 125; McElroy v. Albany Sav. Bank, 8 App. Div. 46, 40 N. Y. S. 422; 205 N. Y. 366, 98 N. E. 499, Ann. Cas. 1913E, 516; Kennedy v. Kennedy, 169 Cal. 287, 146 P. 647, Ann. Cas. 1916D, 515; Deal's Adm'r v. M. & M. Sav. Bank, 120 Va. 297, 91 S. E. 135, L. R. A. 1917C, 548; Craig v. Bradley, 153 Mo. App. 586, 134 S. W. 1081; Crawley v. Sav. Union B. & T. Co., 30 Cal. App. 144, 157 P. 516; Brown v. Brown, 174 Mass. 197, 54 N. E. 532, 75 Am. St. Rep. 292; 3 Michie on Banks & Banking, § 301; 1 Williston, § 344; 2 Morse, § 609.

BOULDIN, J. The suit is to test the right of the surviving wife to withdraw funds in bank, carried on savings account in the joint name of husband and wife. The cause was tried on agreed statement of facts. Omitting formal parts, the agreed facts are:

" * * * On July 22, 1913, an account was opened in the savings department of the defendant in the joint name of Mr. and Mrs. C. M. Lawrence, and an initial deposit of $75 was made in said account, whereupon the defendant issued its passbook No. 34117, showing said account in the name of Mr. and Mrs. C. M. Lawrence, with the following language stamped on said passbook: 'The funds deposited on this account are the joint property of the two parties in whose name the account is opened, and either is authorized, under any circumstances, to sign checks for the withdrawal of funds, in whole or in part.' (Italics supplied.) At the time said account was opened defendant bank obtained from Mr. C. M. Lawrence and Mrs. C. M. Lawrence signature cards bearing the true and correct signatures of each of the said Mr. C. M. Lawrence and Mrs. C. M. Lawrence, and thereafter said bank accepted deposits on said account from both Mr. C. M. Lawrence and Mrs. C. M. Lawrence, and honored checks drawn against said account by either Mr. C. M. Lawrence or Mrs. C. M. Lawrence. Under the rules of the bank either party, on withdrawing funds from said account, was required to present the passbook, and withdrawals were so made by each of said parties from time to time upon the presentation of said passbook.

"On June 1, 1923, C. M. Lawrence, who was the husband of the plaintiff in this cause, died. There has been no administration on the estate of C. M. Lawrence. On June 30, 1923, plaintiff presented to defendant said passbook, and made demand in writing that defendant pay to her the balance on deposit with defendant bank in said account, which said balance was on said date $976.78. Defendant refused to pay to plaintiff upon said demand on the ground that all or a portion of said fund on deposit with it was the property of C. M. Lawrence, and that it could pay the funds belonging to C. M. Lawrence only to the administrator of the estate of said C. M. Lawrence."

The right of survivorship was an incident of joint tenancy at common law. As between husband and wife a peculiar form of tenancy existed, known as tenancy by the entirety. It grew out of a legal recognition of the husband and wife as one. The right of survivorship obtained in this as in other forms of joint tenancy. In Alabama the right of survivorship between joint tenants was abolished by statute in the early history of the state. Code 1907, § 3419.

Statutes creating the separate estates of married women have followed. As a result of our statutory system joint owners of property, real or personal, including husband and wife, holding by inheritance, grant, devise or gift, become tenants in common, each owning a moiety, which, upon death, passes under the statute of descents and distributions. There is no survivorship as an incident to such estate. This does not mean there may not be an express grant to two or more, and to the survivor or survivors, upon the death of either.

[1] The same result may be worked out as to personalty and choses in action. Accordingly, it appears to be generally held that husband and wife may so arrange a joint savings deposit as to be withdrawn in whole or in part by either, and by the survivor in case of death. 3 R. C. L. p. 527, § 155; 7 C. J. p. 640, § 324; 3 Michie on Banks and Banking, §§ 2201–2205; 28 C. J. p. 664, § 64, note 53; 30 C. J. p. 574, § 107, notes 24, 25.

This brings us to the inquiry whether the transaction before us shows an intention to vest the title to the joint fund in the survivor.

[2] Was the fund the joint property of both, with authority in either to draw upon it—a mere mutual agency, without more? If so, the agency was revoked by the death of the husband. A joint fund, without more, is presumed to be owned in equal parts. On the other hand, was it made a fund for the use of both or of either, with authority in either to draw it, in whole or in part, so long as the fund existed? So far as appears, it was a mutual fund. Both parties deposited ·therein from time to time during the ten years it was maintained. There was mutuality of contract for valuable consideration, and the doctrine applicable to gifts from husband to wife by a deposit in her name, or in their joint names, does not appear to obtain.

Again, it was a savings account. To use a common phrase, it was a fund laid up for a rainy day. It was faithfully maintained on both sides until that day when the survivor would most need it. These circumstances may be looked to in finding the meaning of the contract stamped upon the passbook held by them, defining the rights of the owners, and affording protection to the bânk. This agreement gives explicit authority to either to draw the entire fund on his or her own check, subject to banking rules requiring the presentation of the passbook. Nothing therein limits the use to which the drawer should devote the fund. It cannot be said there was merely an agency to draw for joint use, but rather a property right to draw for the use of the drawer from time to time. No plan was stipulated nor followed to keep check on the amount contributed or withdrawn by either. It was made a mutual fund in fact—the husband and wife were as one indeed. With this concept in mind, we must find the meaning of the expression: "Either is authorized, *under any circumstances*, to sign checks for the withdrawal of funds, in whole or in pàrt." (Italics supplied.) The terms are very general, all inclusive, not limited as to time or circumstance. As instructions to a banker, we look for the actual intention gathered from the natural import of the words rather than any technical meaning of joint property.

Any circumstance includes ، the circumstance of death, one naturally in the contemplation of the parties as the years pass. We think it was meant to say to the bank: Pay this money to either of us when either presents a check and passbook, in any event, whatever may come, and so long as there is money here. We conclude that the bank is protected by payment of the money to the surviving wife, and that she is entitled to recover the same.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.