145 So.2d 201

Mary L. COX

v.

Viola WOMACK, Executrix.

8 Div. 29.

Supreme Court of Alabama.

Sept. 20, 1962.

Hawkins & Rhea, Gadsden, for appellant.

Jas. H. Countryman, Attalla, for appellee.

GOODWYN, Justice.

This case involves a dispute as to the ownership of $3,000 which had been on deposit in a checking account with the First National Bank of Guntersville. The appeal is brought by Mary L. Cox, one of the claimants, from a final judgment awarding the fund to the other claimant, Viola Womack, as executrix of the last will and testament of Lemuel Cephen Lewellen.

There seems to be no dispute that the $3,000, when deposited, belonged to Lewellen, whose true name was Lem Allen. He had withdrawn this sum from his account with a bank in Piedmont, Alabama, and placed it in the custody of Mary Cox, who kept it for awhile in a chest at the foot of her bed. She then deposited the money in the First National Bank of Guntersville in the name of "Mrs. Mary Cox and/or Mr. Lemuel Louellen, Attalla, Ala. * * * payable to either or the survivor of either." The deposit was made on August 27, 1956.

On October 10, 1957, Mr. Allen executed a power of attorney giving to his attorney in fact "full authority to sign my name to any check or document required by said bank to withdraw all of said money, or to transfer same to another's account, or to my individual account, or to deliver all of said money to him." The power of attorney was executed in the name of "Lem Allen." The name "Lemuel Cephen Louellen", which was used in the bank account, did not appear in the power of attorney. The attorney in fact then presented the power of attorney to the bank, which the bank refused to honor because it was executed in the name of "Lem Allen" instead of "Lemuel Cephen Louellen", and also because the ledger sheet, when examined by the bank official, showed a joint account requiring both of the depositors to join in a withdrawal. On October 14, 1957, Mary Cox presented a check to the bank for payment of the deposit to her. The bank refused to honor her check because of the claim made under the power of attorney executed by Lem Allen.

On October 23, 1957, Lewellen filed suit against the bank to recover the $3,000. Two days later, Mrs. Cox also filed suit against the bank to recover the same fund. The next day the bank filed an interpleader against Lewellen alleging that Mary Cox was also claiming the fund. On October 28, 1957, the bank also filed an interpleader against Mrs. Cox alleging therein that Lewellen was also claiming the fund. Lewellen died on January 17, 1958. On February 20, 1958, Viola Womack filed a motion to revive Lewellen's suit in her name as his executrix. On August 30, 1958, judgment was rendered consolidating the two cases against the bank, holding that a proper case for interpleader was presented, ordering that Mary Cox be substituted as defendant in the place of the bank, and discharging the bank from liability to both claimants (the bank having paid the $3,000 into court at the time of filing its interpleader petition).

Viola Womack, as executrix, appealed to this court from the judgment granting the interpleader filed by the bank. That case is reported as Womack v. First National Bank of Guntersville, 269 Ala. 411, 113 So. 2d 194. It was held that the interpleader was proper. Thereafter, the case proceeded to trial to determine which of the claimants was entitled to the fund. The trial court, after an oral hearing without a jury, rendered a judgment in favor of Viola Womack, as executrix. This appeal is from that judgment.

■ We do not understand appellant to contend that Allen (or Lewellen) made an outright gift of the money to her. The fact that she deposited the money in the bank did not alter or destroy Mr. Allen's ownership of it, with the right in him, during his lifetime, to recover possession of it. The right of a survivor of a joint account, made payable to the survivor, is not here involved. (See Act No. 232, appvd. July 9, 1945, Gen. Acts 1945, p. 354, Tit. 5, § 128 (2a), Recompiled Code 1958.) Mr. Allen made demand on the bank, through his attorney in fact, for payment of the money to him and also filed suit against the bank to recover the money. If Mary Cox had had the right to withdraw the money from the bank, and had done so, this would not have changed Mr. Allen's ownership of the money. Whether it was on deposit in the bank or in the hands of Mrs. Cox, the money still belonged to Mr. Allen.

It is obvious that we are not concerned here with any question as to the bank's liability, for it paid the deposited money into court. The question at issue is the ownership of the money as between Mary Cox and Lem Allen. From what we have said, it follows that the trial court's holding that Lem Allen's executrix is entitled to the money is due to be affirmed.

■ Appellee asks that the court reconsider its decision in Fourth Nat. Bank of Montgomery v. Woolfolk, 220 Ala. 344,

348–349, 125 So. 217, holding that the ten percent damages provided for in what is now § 814, Tit. 7, Code 1940, as amended by Act No. 724, appvd. Sept. 5, 1951, Acts 1951, p. 1275, does not apply when there is an affirmance of a judgment against a claimant in interpleader "who is not in possession and who does not keep the money." Under consideration in the Woolfolk case was § 6153, Code 1923, which was carried into the 1940 Code as § 814, Tit. 7. The 1951 amendment made no change in the provisions of § 6153 as carried into the 1940 Code. The Woolfolk case was decided in 1929 and the legislature has not seen fit to change the court's construction placed on the statute even though the provisions contained in § 6153 have been reenacted by the legislature twice, without change, since that decision. If the construction there placed on the statutory provisions is to be changed at this late date, it should be done by the legislature and not by this court.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.