This case is an interpleader action to determine the ownership of approximately $7,700 on deposit in Farmers and Merchants Bank of Centre. The trial court awarded *Page 727 
the fund to Lonnie Copeland, executor of the estate of Martha L. Copeland. The appellee-claimants appeal.
The record reveals the following pertinent facts:
Prior to 1973, Martha L. Copeland and her husband maintained a joint checking and savings account with the Farmers and Merchants Bank. The account was in the name of Mr. or Mrs. B.C. Copeland. Neither individual could read or write. Mr. Copeland died in 1973. Subsequently, Martha L. Copeland added other names to the original checking and savings account authorization cards. However, when these additional names were added to the signature cards of both the savings and checking accounts, there was no provision for the distribution of the proceeds of the account in the event of the death of one of the parties, i.e., survivorship provision. Furthermore, the name of the accounts remained in the original form; that is, Mr. or Mrs. B.C. Copeland.
Martha L. Copeland had Mary L. Chandler's name added to the joint checking account authorization signature card. Both of them were thereby authorized to draw checks on that account by either person's respective signature. When Martha Copeland died in November, 1976, the checking account had a balance of $931.43. It is this amount that Mary L. Chandler claims by virtue of the joint checking account.
The savings account signature cards had the name of Mary L. Chandler and Ella Chandler added to that of Martha Copeland and her husband after the death of her husband. The savings passbook was also altered so as to include the additional names. The record reveals that any of the named persons could have withdrawn money from the account if the person desiring to do so had the passbook in his possession. When Martha Copeland died, the balance in the savings account was $6,774.48. Mary Chandler and Ella Chandler claim ownership to these proceeds due to the fact the savings account was joint and thereby contend they were vested with a right of survivorship.
Farmers and Merchants Bank initiated an interpleader action to determine which of the claimants were entitled to the funds of Martha L. Copeland which were on deposit in two accounts with the bank. As noted above, Mary Chandler and Lonnie Copeland (as executor of Martha L. Copeland) sought the proceeds of the checking account. Ella Chandler, Mary Chandler and Lonnie Copeland sought the balance of the savings account. The trial court, after an ore tenus hearing, ordered the monies from both accounts be paid to Lonnie Copeland as executor of the estate of Martha Copeland.
Appellants, Mary and Ella Chandler, appeal that order.
Appellants contend the trial court erred in not awarding appellants the balance of the deceased's bank accounts. Their argument is bottomed on the premise that by virtue of their names being added to the joint checking and/or savings account, Title 5, § 128 (2a), Code of Ala. 1940, entitles the appellants to the proceeds of the accounts. Although appellants refer to Code of Ala. 1975 § 5-1-25 in support of their claim, Title 5, § 128 (2a), Code of Ala. 1940, was the applicable statute at the time of the trial.
At the outset, we note Title 5, § 128 (2a), Code of Ala. 1940, in pertinent part, as it relates to survivorship in checking and savings accounts:
 "When a deposit shall hereafter be made in any bank doing business in this state in the names of two persons payable to either of such persons, or payable to the survivor of them, the said deposit shall upon the death of either of said persons become the property of and be paid in accordance with its terms to the survivor, . . .
 "This section shall apply to certificates of deposits, as well as to savings accounts and checking accounts, and shall also apply where a deposit is made in the names of more than two persons where there is a provision for survivorship.
 "Nothing contained in this section shall be construed to prohibit the person making such deposit from withdrawing or *Page 728 
collecting the same during his lifetime, nor shall the fact that such person had the right to withdraw or collect said deposit during his lifetime operate to defeat the rights herein provided for the person or persons surviving such depositor."
As noted above, appellants contend that Title 5, § 128 (2a), Code of Ala. 1940, entitles the survivor of a joint bank account to the proceeds of such account. Such is not the case.
The law is clear, as stated in Street v. Hilburn, 295 Ala. 232, 326 So.2d 724 (1976), that a survivor of a joint bank account is entitled to the proceeds of such account, without a showing of donative intent, if the account provided for a right of survivorship.
If the joint bank account includes a provision of survivorship, the survivor is vested with the proceeds of that account. This statute, therefore, allows the donee to take the balance remaining in the account by precluding any investigation of the donor's intent after the donor's death, if a survivorship provision is included. See Courchesne v.Johnson, N.H., 373 A.2d 349 (1977); Street v. Hilburn, supra;In re Wszolek Estate, 112 N.H. 310, 295 A.2d 444 (1972); Wardv. Marine National Bank, 38 N.J. 132, 183 A.2d 60 (1962).
However, the mere fact that one is a survivor of a joint bank account, without more, does not unequivocally vest the proceeds in the survivor under Title 5, § 128 (2a). In the absence of a survivorship provision in a joint bank account, Title 5, § 128 (2a), does not preclude an investigation into the donor's intent to determine the disposition of the proceeds of the account. See Street v. Hilburn, supra; Cox v. Womack, 274 Ala. 1, 145 So.2d 201 (1962).
As the record clearly reveals, Martha L. Copeland merely added names to her joint checking and savings accounts. A survivorship provision was not included. Therefore, by virtue of Street v. Hilburn and Cox v. Womack, supra, the intent of Martha Copeland in adding the names to her account is a relevant inquiry. In the absence of a survivorship provision, it must be shown that the donor intended to make a gift intervivos. See McEniry v. Coats, Ala., 333 So.2d 568 (1976); Streetv. Hilburn, supra; Cox v. Womack, supra.
Appellants did not present any evidence to show Martha L. Copeland intended to make a gift when she added the appellants' names to her bank accounts. Suffice it to say the trial court could well have found that she did not intend to make a gift by virtue of her will disposing of her monies, i.e., her bank accounts being the only money she had. There was also testimony to the effect that she added these names to insure her bills would be paid in the event she got sick.
To summarize, the presence of a survivorship provision allows a survivor of a joint bank account to take the proceeds of that account without an inquiry into the donor's intent. However, in this case, there was no survivorship provision and therefore made the donor's intent pivotal. There being no evidence of an intent to make an inter vivos gift and some evidence to the contrary, the trial court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.