In an action for money had and received, the plaintiff was awarded a judgment by the trial court. The intervenor/defendant appealed. We affirm.
Sometime during 1967, Mary Priscilla Darby had Aught Dial, the plaintiff, come to her home and sign a signature card on her checking account in her bank. The face of this card bore the signatures and addresses of both Mrs. Darby and the plaintiff. The reverse side of this card, which also bore their signatures, contained a "joint account with right of survivorship" agreement.
When Mrs. Darby became ill in 1979, plaintiff Dial began to draw blank checks (as to payee) on the account in order to pay her bills. These he delivered to Mrs. Belle Moore, a sister of Mrs. Darby. Mrs. Darby died in October, 1979. At that time Mrs. Moore had in her possession a blank check drawn on that account and given to her by Dial. She executed this check by making it payable to her own account in the amount of $33,000.00.
Subsequently the plaintiff initiated this action to obtain that sum of money and named Mrs. Belle Moore as defendant. Mr. Harris, as administrator of Mrs. Darby's estate, also claimed that money and was allowed to intervene. During the course of pleading Mrs. Moore filed a motion of inter-pleader, paid the disputed sum of $33,000.00 plus partial accrued interest into court, and the claims against her were dismissed. Following a final hearing based upon a written stipulation, testimony oretenus, and certain exhibits, the trial court awarded the money paid into court plus accrued interest, less costs, to the plaintiff, Aught Dial.
The only witness examined at the hearing was the plaintiff himself who was called to testify in his own behalf. The intervenor contends that the trial court erred in sustaining objections to questions addressed to the plaintiff during his cross-examination. The record discloses this exchange:
 Q. Were there any bank employees there at the time you signed it [the signature card]?
A. No, sir. I was at her house.
Q. And both of you signed it there at her house?
Q. Yes, sir.
 A. And you said, in response to Mr. Wilson's question, that it was an authorization to sign the checks, is that what she told you at that time?
MR. WILSON: Now, we object to what she told him.
THE WITNESS: I don't know what —
. . . .
THE COURT: SUSTAIN THE OBJECTION.
Next question.
The defendant contends that by sustaining this objection the trial court erroneously refused him the opportunity to examine the validity of the joint account because, he states, Mrs. Darby's statements made at that time would have disclosed her motive or reason for establishing the account, and were indicative of her intent to make a gift or not.
The defendant also argues that another "possible objection" upon which the trial court relied involved the "dead man's statute." Under the record before us we cannot determine whether this "possible" objection was the ground upon which the trial judge based his ruling sustaining the objection. From an examination of the record, however, we do find that counsel for the intervenor immediately followed the question to which objection was sustained with this question:
 Q. Did Mrs. Darby make any other statement to you at the time that you signed the authorization card? MR. WILSON: Now we object, Your Honor, please, to any statement — any other statement or any statement in regard to who made it. [Emphasis added.] *Page 681 
 THE COURT: Well, he asked if other statements were made and that calls for a yes or no answer. I OVERRULE THE OBJECTION.
Q. Were other statements made?
A. No.
Thus the claimed error in sustaining objection to the first question is without merit because the intervenor was later allowed, over objection, to obtain an answer from the witness based upon substantially the same question. Assuming arguendo
that the trial court's first ruling was error, nevertheless any such error was cured when the trial court subsequently allowed cross-examination upon the same subject. Spurlock v. J.T.Knight, 246 Ala. 283, 20 So.2d 525 (1945). Although our examination satisfies us that the record reflects no issue respecting the application of the dead man's statute, our discussion of the alleged error pretermits the necessity for discussing that point.
In any case, the witness answered "No," that is, that no additional statements were made. Counsel, therefore, was accorded an opportunity to cross-examine on the subject of Mrs. Darby's purpose and intent, the record disclosing an extensive cross-examination of Dial following that answer, including the following:
 Q. What did you tell me the purpose of this account was?
 A. To write checks so if anything happened to her, I could sign her checks.
Next, the intervenor contends that the judgment awarding money to Dial was contrary to the evidence. There is no dispute about the establishment of the joint account in 1967, nor any concerning the date of Mrs. Darby's death, October 4, 1979. When she died the provisions of Code of 1975, § 5-1-25 were in effect:
 (a) When a deposit shall be made in any bank doing business in this state in the names of two persons payable to either of such persons, or payable to the survivor of them, the said deposit shall, upon the death of either of said persons, become the property of and be paid in accordance with its terms to the survivor, irrespective of whether or not the funds deposited were the property of only one of said persons, irrespective of whether or not at the time of the making of such deposit there was any intention on the part of the person making such deposit to vest the other with a present interest therein, and irrespective of whether or not only one of said persons during their joint lives had the right to withdraw such deposit and irrespective of whether or not there was any delivery of any bank book, account book, savings account book or certificate of deposit by the person making such deposit to the other of such persons.
 (b) This section shall apply to certificates of deposit, as well as to savings accounts and checking accounts and shall also apply where a deposit is made in the names of more than two persons where there is a provision for survivorship.
 (c) Nothing contained in this section shall be construed to prohibit the person making such deposit from withdrawing or collecting the same during his lifetime, nor shall the fact that such person had the right to withdraw or collect said deposit during his lifetime operate to defeat the rights provided in this section for the person or persons surviving such depositor.
That statute has been considered by this Court in Street,Admr. v. Hilburn, 295 Ala. 232, 326 So.2d 724 (1976) and by the Court of Civil Appeals, in Macon v. First National Bank ofAshford, Ala.Civ.App., 378 So.2d 1128 (1978) to give the survivor of such an account the right to the proceeds remaining at the death of the other, without any duty resting upon the survivor to show a donative intent upon the party furnishing the funds. Donative intent on the part of the owner of the funds, therefore, was irrelevant. The fact that this statute was amended by the legislature in 1980 to grant the bank the right to pay, and thus be protected, and not to govern the question of ownership of funds, does not operate to abrogate the property right in the funds which vested in Aught Dial at *Page 682 
Mrs. Darby's death. The phrase "any deposit heretofore . . . made in any bank" contained in § 5-5A-41 (a) can have no operation in a case in which one of the parties to the account died before its enactment and while another statute was operative giving the survivor property rights in that account. Indeed, Code of 1975, § 5-1A-8 expressly provides: "Nor shall the repeal of a prior act by Chapters 1A through 12A of this title affect any right accrued or established . . . under the provisions of such prior act before the repeal thereof." (Acts 1980, No. 80-658, § 5-13-4, p. 1337.)
Under the evidence that the plaintiff Dial was the survivor of the joint account with the right of survivorship, therefore, the trial court was correct in awarding the proceeds remaining at Mrs. Darby's death to him. Accordingly, the judgment must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER and SHORES, JJ., concur.