450 So.2d 113 (1983)
Betty LOVETT
v.
Frances S. UPTAIN, as Administratrix of the Estate of Cora B. Spruell, Deceased.
Civ. 3853.
Court of Civil Appeals of Alabama.
October 26, 1983.
Rehearing Denied November 23, 1983.
*114 Roger H. Bedford, Sr. of Bedford, Bedford & Rogers, Russellville, for appellant.
David Neal of Fine & Associates, Russellville, for appellee.
EDWARD N. SCRUGGS, Retired Circuit Judge.
This legal contest is over the proceeds of a joint certificate of deposit.
Mrs. Lovett and Mrs. Uptain are the only children of J.F. Spruell and Cora B. Spruell.
In 1974 a certificate of deposit was issued to "J.F. Spruell or Cora Spruell." Mr. Spruell died on May 25, 1978. The testimony was that, at some point in time after Mr. Spruell's death, the bank's records were changed to reflect the ownership of the certificate of deposit to "Cora Spruell or Betty Lovett," but it cannot be ascertained from the evidence as to even approximately when that change took place. Mrs. Spruell died on November 29, 1982, and Mrs. Uptain was appointed as administratrix of her mother's estate. Litigation over the ownership of the proceeds of the certificate ensued between the administratrix and Mrs. Lovett. The trial court determined that the certificate of deposit was the property of the estate of Cora B. Spruell.
Mrs. Lovett appeals and contends that she is entitled to the certificate of deposit by virtue of § 5-1-25 or § 5-5A-41 of the Code of Alabama 1975.
The evidence and record are silent as to the date of the creation of the joint ownership of the certificate between Mrs. Spruell or Mrs. Lovett, the only evidence in that regard being that the ownership was changed "after Mr. Spruell's death." The proper inquiry is the date on which the joint ownership of the C.D. was created. Jones v. Jones, 423 So.2d 205 (Ala.1982). Since § 5-1-25 was repealed and replaced by § 5-5A-41 as of May 28, 1980, it would have been helpful if not essential, to establish the date of the creation of the joint interests of the mother and daughter in the certificate in order to determine which law applied. However, for the reasons that follow, the absence of that fact in this case does not necessitate a remand of the matter to the trial court because Mrs. Lovett is not entitled to prevail regardless of whether the creation of the joint ownership of the certificate of deposit occurred before or after May 28, 1980.
The initial original certificate of deposit as issued in 1974 apparently was never replaced. The only writing in the evidence of any change in it was a separate bank record as follows:

 "2601 XX-XXXXXX
 Cora Spruell or 00
 Betty Lovett XXX-XX-XXXX
 Rt. 1
 Mt. Hope Al 35651"

Neither the C.D. nor the bank record contained any provision for a right of survivorship. If a joint certificate of deposit had been created before May 28, 1980, and had it included a survivorship provision, Mrs. Lovett would have been vested by § 5-1-25 with the proceeds of that certificate without regard to the interest of Mrs. Spruell. However, there was no survivorship provision and, before Mrs. Lovett could recover, *115 she bore the burden of proof that her mother intended to make a gift inter vivos to her of the C.D., and no such evidence was before the trial court. Chandler v. Farmer's and Merchants Bank, 355 So.2d 726 (Ala.Civ.App.1978). Mrs. Lovett could not prevail under § 5-1-25 under the Chandler decision.
In Jones v. Jones, supra, our supreme court clarified the effect of § 5-5A-41 as follows:
"Admittedly, the statute is drafted in terms which exempt the bank from liability for its payment of a joint account to the survivor. But the statute does not empower the bank to determine ownership of a joint account in its depository. Rather, title is determined in accordance with the intentions of the parties, `stated in the instrument creating such tenancy,' pursuant to § 35-4-7. When § 5-5A-41 superseded § 5-1-25, effective May 28, 1980, the survivorship between joint tenants provisions of § 35-4-7, which applies to personal as well as real property, remained fully operative. First National Bank v. Lawrence, 212 Ala. 45, 101 So. 663 (1924).
"This current survivorship statute (passed originally in 1852 and last amended in 1951) would have controlled this case had the joint account in question been created on or after May 28, 1980."
423 So.2d at 207-208.
The provisions of § 35-4-7 are:
"When one joint tenant dies before the severance, his interest does not survive to the other joint tenants but descends and vests as if his interest had been severed and ascertained; provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument. This shall include those instruments of conveyance in which the grantor conveys to himself and one or more other persons and in which instruments it clearly appears that the intent is to create such a survivorship between joint tenants as is herein contemplated."
In the present case, the certificate of deposit itself does not include any survivorship provision. If the bank record was the instrument creating the tenancy between the mother and daughter, it, likewise, was silent as to survivorship. In the absence of the required survivorship right being stated in any instrument which could be construed to create the tenancy, Mrs. Spruell's interest in the certificate of deposit did not pass, upon her death, to Mrs. Lovett under the terms of § 35-4-7, supra. To the contrary, it descended and vested as the property of Mrs. Spruell's estate.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.

ON REHEARING
EDWARD N. SCRUGGS, Retired Circuit Judge.
Learned counsel for Mrs. Lovett contends on rehearing that this court's original opinion was erroneous and, out of deference to his sincerity and concern, we make the following brief observations:
1. Mrs. Lovett is correct when she states in her rehearing brief that Chandler v. Farmers and Merchants Bank, 355 So.2d 726 (Ala.Civ.App.1978), was decided pursuant to Title 5, § 128(2a) of the Code of Alabama of 1940 (Recomp.1958) instead of § 5-1-25 of the 1975 Code. However, insofar as pertinent provisions of each are concerned, both of those code sections contain so much compatable, common and verbatim language that the Chandler decision *116 was fully authoritative and determinative as to our adjudication that Mrs. Lovett could not prevail under § 5-1-25.
2. Mrs. Lovett argues that, at least, she is entitled to one-half of the proceeds of the certificate of deposit. The trial court granted the entire proceeds of the C.D. to the estate of Mrs. Spruell. Upon the original submission of this case before this court, no issue, contention or argument was made by either party that the trial court erred in that respect. We are not under any duty or obligation to place a trial court in error for issues not raised by the parties. Accordingly, this court's opinion only responded to the issues as made and presented by the parties upon the appeal. On rehearing, Mrs. Lovett now raises this question for the first time. After an opinion has been rendered by an appellate court, consideration may not be given on rehearing to issues which were not argued nor suggested upon the initial submission of the case. Rudolph v. Rudolph, 251 Ala. 317, 36 So.2d 902 (1948); Alabama Farm Bureau Mutual Casualty Insurance Company v. Anderson, 48 Ala. App. 172, 263 So.2d 149, cert. denied, 288 Ala. 538, 263 So.2d 155 (1972).
The application of Mrs. Lovett for a rehearing is denied.
OPINION EXTENDED ON REHEARING.
APPLICATION FOR REHEARING DENIED.
All the Judges concur.