Learned counsel for Mrs. Lovett contends on rehearing that this court's original opinion was erroneous and, out of deference to his sincerity and concern, we make the following brief observations:
1. Mrs. Lovett is correct when she states in her rehearing brief that Chandler v. Farmers and Merchants Bank,355 So.2d 726 (Ala.Civ.App. 1978), was decided pursuant to Title 5, § 128 (2a) of the Code of Alabama of 1940 (Recomp. 1958) instead of § 5-1-25 of the 1975 Code. However, insofar as pertinent provisions of each are concerned, both of those code sections contain so much compatable, common and verbatim language that the Chandler decision *Page 116 
was fully authoritative and determinative as to our adjudication that Mrs. Lovett could not prevail under § 5-1-25.
2. Mrs. Lovett argues that, at least, she is entitled to one-half of the proceeds of the certificate of deposit. The trial court granted the entire proceeds of the C.D. to the estate of Mrs. Spruell. Upon the original submission of this case before this court, no issue, contention or argument was made by either party that the trial court erred in that respect. We are not under any duty or obligation to place a trial court in error for issues not raised by the parties. Accordingly, this court's opinion only responded to the issues as made and presented by the parties upon the appeal. On rehearing, Mrs. Lovett now raises this question for the first time. After an opinion has been rendered by an appellate court, consideration may not be given on rehearing to issues which were not argued nor suggested upon the initial submission of the case. Rudolph v. Rudolph, 251 Ala. 317, 36 So.2d 902
(1948); Alabama Farm Bureau Mutual Casualty Insurance Companyv. Anderson, 48 Ala. App. 172, 263 So.2d 149, cert. denied,288 Ala. 538, 263 So.2d 155 (1972).
The application of Mrs. Lovett for a rehearing is denied.
OPINION EXTENDED ON REHEARING.
APPLICATION FOR REHEARING DENIED.
All the Judges concur.