We granted the petition for certiorari because the petitioner earnestly insists that the opinion of the Court of Civil Appeals is in conflict with § 5-5A-41, Ala. Code 1975, andHarris v. Dial, 398 So.2d 679 (Ala. 1981). We affirm.
As reflected in the opinion of the Court of Civil Appeals, the certificate of deposit was carried on the bank's records in the names of Cora Spruell or Betty Lovett. It was not disputed that the funds represented by the certificate were acquired by Mrs. Spruell upon the death of her husband. As between the claimants to the proceeds, here, the administratrix of the estate of Mrs. Spruell, Mrs. Uptain on the one hand, and Mrs. Lovett on the other, § 35-4-7, Code, is the controlling statute with regard to Mrs. Lovett's claim to the proceeds as a joint tenant with right of survivorship. Title to personalty by that act is determined in accordance with the intention of the parties "stated in the instrument creating such tenancy." Nothing in the evidence suggests that a joint tenancy with right of survivorship was intended. That being so, Mrs. Lovett is not entitled to the entire fund, because the certificate of deposit did not create a survivorship estate in her.
Mrs. Lovett's reliance on Harris v. Dial, supra, is misplaced. There the account was established in the names of two people and contained a right of survivorship provision in writing, which was effective to create a survivorship estate under § 35-4-7, Code. That is not true here. Additionally, § 5-1-25 had not been changed by § 5-5A-41 when the account inHarris v. Dial was created.
Section 5-5A-41 made a critical change in the law. The conclusive presumption of survivorship and donative intent created by § 5-1-25 was eliminated by § 5-5A-41.
It is true, as Mrs. Lovett argues, that § 5-5A-41, Code (which she concedes is applicable here), authorizes a bank to pay the proceeds of an account in the names of two persons to the survivor, even though there is no provision for survivorship. But, § 5-5A-41, unlike § 5-1-25, Code, concerns only the liability of the bank and authorizes payment by it, and does not govern the ownership of the funds.
Thus, the bank was authorized by § 5-5A-41 to pay the proceeds of the certificate of deposit to Mrs. Lovett upon the death of Mrs. Spruell, and it is not liable to Mrs. Uptain for having done so. However, the fact of payment does not defeat the claim of the estate of Mrs. Spruell to the *Page 118 
proceeds. The controlling case, therefore, is Jones v. Jones,423 So.2d 205 (Ala. 1982), which the Court of Civil Appeals followed.
On rehearing to the Court of Civil Appeals and here, Mrs. Lovett argues that she is, at least, entitled to one half of the proceeds of the certificate of deposit. She is, of course, entitled to one half of the personalty of her mother's estate by intestate succession, since she and her sister are the only descendants. She apparently contends, although she does not expressly say so, that she is entitled to one half of the certificate of deposit as a tenant in common with Mrs. Spruell. This is an issue of fact, and unless Mrs. Lovett, the survivor on the account, establishes by the evidence that a gift was intended by the owner of the fund establishing the account in both names, the claim must fail. 10 Am.Jur.2d Banks, § 377 (1963). The rule applicable to these facts is stated in Clarkv. Young, 246 Ala. 529, 21 So.2d 331 (1944), quoting from Hicksv. Meadows, 193 Ala. 246, 69 So. 432 (1915), as follows:
 "`In cases involving such deposits, questions frequently arise concerning the right of the one other than the original owner to the fund upon the death of the original owner. Apart from the contract theory, which is comparatively rare, this leaves the title of the survivor to rest upon a gift, trust, or bequest. The bequest drops out of consideration, because it is not claimed that the transfer is in the requisite form to constitute a valid bequest, i.e., there is no compliance with the statute of wills. There thus remain two theories, upon one or the other of which the right of the survivor to the fund must be based, i.e., gift or trust. Unless the survivor can show title in one of these ways, his claim must fail.' 7 Amer. Juris. p. 301, § 426."
246 Ala. at 535, 21 So.2d at 335. Mrs. Lovett, however, offered no evidence to support a contention either that a gift or a trust was intended by the establishment of the account in the names of both or that she was a tenant in common to the funds represented by the certificate of deposit, and, because this is purely a fact issue, we cannot say that the trial court erred in holding that the entire amount of the certificate was an asset of the mother's estate.
The decision of the Court of Civil Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.