From 1943 to 1980 the banking statutes of the Alabama Code controlled the determination of ownership of funds in a joint bank account. Code 1940, Title 5, § 128 (2a) (Recomp. 1958), which was recodified by Code 1975, § 5-1-25, provided in pertinent part:
 "When a deposit shall hereafter be made in any bank doing business in this state in the names of two persons payable to either of such persons, or payable to the survivor of them, the said deposit shall upon the death of either of said persons become the property of and be paid in accordance with its terms to the survivor, irrespective of whether or not the funds deposited were the property of only one of said persons, and irrespective of whether or not at the time of the making of such deposit there was any intention on the part of the person making such deposit to vest the other with a present interest therein, and irrespective of whether or not only one of said persons during their joint lives had the right to withdraw such deposit, and irrespective of whether or not there was any delivery of any bank book, account book, savings account book, or certificate of deposit by the person making such deposit to the other of such persons."
It has been noted that this language provided that a deposit made in the name of two persons payable to either of such persons or payable to the survivor of them would become the property of the survivor and be paid to the survivor in the event of the death of either. Macon v. First National Bank ofAshford, 378 So.2d 1128 (Ala.Civ.App. 1979).
This Court in Harris v. Dial, 398 So.2d 679 (Ala. 1981), had occasion to consider the applicability of § 5-1-25 to a joint checking account with a right of survivorship agreement. Our decision in Harris stated that § 5-1-25 "has been considered . . . to give the survivor of such an account the right to the proceeds remaining at the death of the other, without any duty resting upon the survivor to show a donative intent upon the party furnishing the funds." 398 So.2d at 681.
A similar result was obtained in Chandler v. Farmers andMerchants Bank, 355 So.2d 726 (Ala.Civ.App. 1978). However,Chandler concerned the applicability of § 128 (2a) and involved the determination of ownership of funds in a joint checking account and a joint savings account, neither of which contained a provision for right of survivorship. The opinion in Chandler
stated, "The law is clear . . . that a survivor of a joint bank account is entitled to the proceeds of such account, without a showing of donative intent, if the account provided for a right of survivorship." The court added, "However, the mere fact that one is a survivor of a joint bank account, *Page 134 
without more, does not unequivocally vest the proceeds in the survivor." 355 So.2d at 728. Chandler went on to state that in the absence of survivorship language § 128 (2a) did not preclude an investigation into the donor's intent to determine the disposition of the proceeds in the account. The effect of § 5-1-25 and its predecessor, § 128 (2a), was to create a conclusive presumption of survivorship and donative intent. Exparte Lovett, 450 So.2d 116, 117 (Ala. 1984).
Section 5-1-25 was repealed and superseded by Code 1975, §5-5A-41 (Repl.Vol. 1981), following passage of the Alabama Banking Code. Acts of Alabama 1980, Act No. 80-658, May 28, 1980, pp. 1259-1337. Section 5-5A-41 merely exonerates a bank from liability for payment of a joint bank account. Comments to that statute clearly indicate that it does not govern the ownership of funds in a joint account but that ownership must be determined by reference to other appropriate law.
The first occasion we had to comment on the effect of §5-5A-41 came in Jones v. Jones, 423 So.2d 205 (Ala. 1982).Jones involved an interpleader action filed by a bank for determination of the proper payment of funds in a joint savings account following the death of one of the parties. Jones
established the principle that following the enactment of §5-5A-41 the ownership of funds in a joint account was controlled by principles of property law, specifically Code 1975, § 35-4-7. Our opinion stated:
 "Admittedly, [§ 5-5A-41] is drafted in terms which exempt the bank from liability for its payment of a joint account to the survivor. But the statute does not empower the bank to determine ownership of a joint account in its depository. Rather, title is determined in accordance with the intentions of the parties, `stated in the instrument creating such tenancy,' pursuant to § 35-4-7. When § 5-5A-41
superseded § 5-1-25 . . . the survivorship between joint tenants provisions of § 35-4-7, which applies to personal as well as real property, remained fully operative."
423 So.2d at 207.
Two recent decisions have followed the holding in Jones.Lovett, supra, involved property in the nature of a jointly owned certificate of deposit, and Farmer v. Farmer, 455 So.2d 1
(Ala. 1984), involved a jointly owned promissory note. In both, the incidents of ownership were the same; the names of the joint owners were merely separated by the word "or" and the instrument expressed no intention of the parties to create a right of survivorship. As between those contesting title, it was held that § 35-4-7 controlled the determination of ownership of the proceeds.
Section 35-4-7 provides:
 "When one joint tenant dies before the severance, his interest does not survive to the other joint tenants but descends and vests as if his interest had been severed and ascertained; provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument. This shall include those instruments of conveyance in which the grantor conveys to himself and one or more other persons and in which instruments it clearly appears that the intent is to create such a survivorship between joint tenants as is herein contemplated."
It should be clear that under § 35-4-7 a grant of personal property, as in this case, or a grant of real property to two or more persons creates in them a tenancy in common with respect to such property unless the proviso in that statute is complied with; that is, the instrument creating the estate must clearly indicate that a joint tenancy with right of survivorship was intended. It has consistently been stated that an instrument creating a joint tenancy with right of survivorship must clearly express the incident of survivorship if such was intended *Page 135 
by the parties. Smith v. Smith, 418 So.2d 898 (Ala. 1982);Durham v. Durham, 400 So.2d 751, 752 (Ala. 1981); Nunn v.Keith, 289 Ala. 518, 268 So.2d 792 (1972).
In the instant case, the signature card listed eleven different kinds of accounts. A desired account was to be designated by placing an "X" in a box provided to the left of each account. No box was marked with an "X". From this it cannot be said that the proviso in § 35-4-7 has been met. There is nothing in the instrument establishing the joint checking account to indicate that a joint tenancy with right of survivorship was intended. The majority would permit the admission of parol evidence in order to clarify the uncertainty arising from the failure to designate a specific account on the signature card. I cannot agree. The majority has failed to make clear that the rule adopted today is applicable only to contracts, as in the instant case, and not to deeds. The resulting effect is to admit parol evidence to determine whether an estate created by the parties is a joint tenancy with right of survivorship or a tenancy in common. This is in conflict with that rule of construction that joint owners of property, real or personal, will be construed as holding as tenants in common and not as joint tenants with right of survivorship where there has been no express manifestation of intent otherwise.
Therefore, I must dissent.
MADDOX, FAULKNER and SHORES, JJ., concur.