470 So.2d 1176 (1985)
W.L. HOWARD, Jr., Individually and as Executor of the Estate of W.L. Howard, Sr.
v.
Louise Howard BURTON and Willis J. Howard.
83-941.
Supreme Court of Alabama.
April 5, 1985.
Rehearing Denied May 10, 1985.
*1177 T.J. Carnes of Carnes & Carnes, Albertville, for appellant.
Ralph Smith, Jr. of Smith & Barnett, Guntersville, for appellees.
TORBERT, Chief Justice.
Appellees, Louise Howard Burton and Willis Howard, are the adult children of the late W.L. Howard. Louise and Willis brought this action against appellant, their brother W.L. Howard, Jr. (Lucian), to determine the ownership of funds on deposit in Central Bank of Albertville following the death of their father. The funds were evidenced by a certificate of deposit payable to "W.L. Howard or W.L. Howard, Jr." Louise and Willis claimed that the funds should be declared part of their father's estate. Lucian claimed that on his father's death, by operation of law, he became the owner of the funds. The trial court, sitting without a jury, held that the funds should be included in the estate. Lucian appeals. We reverse.
Three facts are relevant to the disposition of this case: 1) the certificate of deposit was made payable to W.L. Howard or W.L. Howard, Jr. (Lucian), 2) the certificate of deposit was issued February 17, 1978, and 3) W.L. Howard died November 27, 1981. The only issue this Court must address is the ownership of the funds in the certificate following the death of W.L. Howard.
In support of his claim, Lucian relies on Code 1975, § 5-1-25, which provides:
"(a) When a deposit shall be made in any bank doing business in this state in the names of two persons payable to either of such persons, or payable to the survivor of them, the said deposit shall, upon the death of either of said persons, become the property of and be paid in accordance with its terms to the survivor, irrespective of whether or not the funds deposited were the property of only one of said persons, irrespective of whether or not at the time of the making of such deposit there was any intention on the part of the person making such deposit to vest the other with a present interest therein, and irrespective of whether or not only one of said persons during their joint lives had the right to withdraw such deposit and irrespective of whether or not there was any delivery of any bank book, account book, savings account book or certificate of deposit by the person making such deposit to the other of such persons.
"(b) This section shall apply to certificates of deposit, as well as to savings accounts and checking accounts and shall also apply where a deposit is made in the names of more than two persons where there is a provision for survivorship."
Section 5-1-25 was repealed in 1980, Acts 1980, No. 80-658; however, when the certificate of deposit was issued in 1978, § 5-1-25 was in full force and *1178 effect; thus, the provisions of that statute control. Jones v. Jones, 423 So.2d 205, 207 (Ala.1982). The trial court erred in holding that the certificate of deposit had to contain a survivorship provision in order for Lucian to be vested with the proceeds without regard to the donative intent of W.L. Howard. As Lucian correctly stated in his brief, the operative language of § 5-1-25, "stripped of non-essential clauses and phrases," provides:
"(a) When a deposit shall be made in any bank doing business in this state in the names of two persons payable to either of such persons, or payable to the survivor of them, the said deposit shall, upon the death of either of said persons, become the property of and be paid in accordance with its terms to the survivor...."
(Emphasis added.)
This Court has held, in cases involving deposits made in accordance with § 5-1-25, that donative intent is irrelevant. Jones v. Jones, supra; Harris v. Dial, 398 So.2d 679 (Ala.1981). Harris stated:
"That statute has been considered by this Court in Street, Admr. v. Hilburn, 295 Ala. 232, 326 So.2d 724 (1976), and by the Court of Civil Appeals, in Macon v. First National Bank of Ashford, Ala. Civ.App., 378 So.2d 1128 (1978), to give the survivor of such an account the right to the proceeds remaining at the death of the other, without any duty resting upon the survivor to show a donative intent upon the party furnishing the funds."
398 So.2d at 681. Moreover, the statute specifically provides that a deposit made in the names of two persons payable to either of such persons shall, in the event of the death of either, be paid to the survivor irrespective of whether or not the funds were the property of only one of the persons or whether or not the person making the deposit had any intention to vest the other with a present interest therein. Macon v. First National Bank of Ashford, 378 So.2d 1128, 1130 (Ala.Civ.App.1979).
Louise and Willis rely on Chandler v. Farmers & Merchants Bank, 355 So.2d 726 (Ala.Civ.App.1978), for their position that in the absence of a survivorship provision the intentions of the parties in creating the account was a relevant inquiry. Their reliance is misplaced.
Chandler involved an interpleader action which was filed in order to determine the ownership of funds in a joint savings and checking account. Both accounts were in the name of Mr. or Mrs. B.C. Copeland. After Mr. Copeland died, Mrs. Copeland added the name of Mary Chandler to the checking account authorization signature card. She added the names of Mary Chandler and Ella Chandler to the savings account authorization signature card. The names of the accounts however, remained in their original form; Mr. or Mrs. B.C. Copeland.
Following Mrs. Copeland's death, Mary and Ella claimed ownership of the funds in the respective accounts on which their names had been added. After an ore tenus hearing the trial court ordered that the funds from both accounts be paid to the executor of Mrs. Copeland's estate. Mary and Ella appealed. The Court of Civil Appeals affirmed the trial court's judgment holding that in the absence of a survivorship provision an investigation into Mrs. Copeland's intent in adding names to her accounts was a relevant inquiry. Since Mary and Ella failed to provide evidence of any intent to make an inter vivos gift, they were not entitled to the funds in the accounts. 355 So.2d at 728.
On the basis of the facts in Chandler, the decision by the Court of Civil Appeals was correct. The facts presented in the present case, however, are not the same as those presented in Chandler. Unlike the certificate of deposit in this case, the disputed accounts in Chandler were not "made in the names of two persons payable to either of such persons." Section 5-1-25(a) and (b) make a clear distinction between an account in the names of two persons payable to either of such persons and an account in the names of more than two persons without a survivorship provision. *1179 Only as to the latter is donative intent a relevant inquiry.
Finally, in Ex parte Lovett, 450 So.2d 116, 117 (Ala.1984), we recognized the effect that passage of Code 1975, § 5-5A-41, had on § 5-1-25: "Section 5-5A-41 made a critical change in the law. The conclusive presumption of survivorship and donative intent created by § 5-1-25 was eliminated by § 5-5A-41."
The language of § 5-1-25 could not be more plain or simple, and when the plain meaning of a statute can be gleaned from its words, it should be construed in accordance with that plain meaning. Mobile County Republican Executive Committee v. Mandeville, 363 So.2d 754, 757 (Ala. 1978). The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
FAULKNER and BEATTY, JJ., dissent.
FAULKNER, Justice (dissenting).
I respectfully dissent. It is my opinion that the majority misconstrues § 5-1-25, Code 1975. At first blush the operative language of the section might seem to dictate the result reached by the majority. A closer inspection of the statute, however, yields a different result.
Section 5-1-25 provides that when bank deposits are made in "the names of two persons payable to either of such persons, or payable to the survivor of them, the deposit shall, upon the death of either of said persons, become the property of ... the survivor." The majority construes the statute to mean that where money on deposit in a bank is payable "to either A or B," even in the absence of a survivorship provision, the money becomes B's property on A's death.
If the majority's conclusion that under § 5-1-25(a) it is not necessary to have any language in the contract indicating an intention to create a right of survivorship in order for the statute to vest title in the survivor is correct, what possible meaning does the language in the statute "or payable to the survivor of them" have? The tacit assumption underlying the majority's interpretation is that subsection (a) of the statute contemplates two different situations: (1) deposits made in the names of A and B and payable to either A or B; or (2) deposits made in the names of A and B and payable to the survivor of A or B. That assumption seems unreasonable to me, because it seems highly unlikely that two people might deposit money into a bank account in such a form that the money could be withdrawn only by their survivor. It seems much more likely to me that the statutory language, "in the names of two persons payable to either of such persons, or payable to the survivor of them" refers to one type of situation, viz., where deposits made by two persons are payable to either of the two persons or to their survivor.
Construing subsection (a) in such a way that no survivorship provision is necessary in order for title to vest by operation of the statute in the survivor is also at odds with the plain wording of subsection (b) of the statute. Subsection (b) provides that the act applies to deposits "made in the names of more than two persons where there is a provision for survivorship." The majority concludes from this language that a different rule applies to deposits by more than two persons. Under the majority's interpretation of the statute, if money on deposit was payable "to A or B," then on A's death B would own the money by operation of the statute; whereas, if money on deposit was payable "to A, B, or C," then on A and B's death title would not vest in C by operation of the statute. Is it reasonable to assume that the legislature intended for the statute to yield such anomalous results? Is it not more reasonable to construe the language of subsection (a) in such a way that the same results would be obtained when three people deposited money as are obtained when the deposit was made by two persons?
*1180 The majority's interpretation also assumes that the legislature intended to obtain with regard to survivorship of jointly owned bank accounts results different from those obtained with regard to all other forms of jointly owned property in Alabama. Section 35-4-7, Code of Alabama, provides that jointly owned property does not vest in the survivor unless an intention for it to do so is expressed in the instrument creating the joint tenancy. Both sections 35-4-7 and 5-1-25 relate to jointly owned property. It is a fundamental rule of statutory construction that statutes relating to the same subject are to be construed pari materia, for the purpose of giving effect to the legislative intention.
In Ex parte Lovett, 450 So.2d 116 (Ala. 1984), a joint certificate of deposit was owned by "Cora Spruell or Betty Lovett." The record in that case was silent as to the date of the creation of the joint ownership of the certificate between Mrs. Spruell and Mrs. Lovett. Lovett v. Uptain, 450 So.2d 113, 114 (Ala.Civ.App.1983). Since it was impossible to determine from the record whether the joint ownership of the certificate was created prior to the repeal of § 5-1-25, it was impossible to determine whether § 5-1-25 controlled the disposition of the proceeds. Without addressing the question of the applicability, vel non, of § 5-1-25, this Court ruled, based on § 35-4-7, that the survivor was not entitled to the proceeds because the certificate did not contain a provision establishing a right of survivorship. Ex parte Lovett, supra, at 117. Given the decision that we reached in Lovett, it appears that we concluded in that case that a survivorship provision in the instrument creating the tenancy would have been necessary in order for title to vest in the survivor even if the certificate was created before the repeal of § 5-1-25. Clearly, the appellant in the present action thought that to be the case, since he asked us to reconsider our holding in Lovett. At any rate, the Court of Civil Appeals' decision, which we affirmed, expressly states that the same result would obtain under either statute:
"If a joint certificate of deposit had been created before May 28, 1980, and had it included a survivorship provision, Mrs. Lovett would have been vested by § 5-1-25 with the proceeds of that certificate without regard to the interest of Mrs. Spruell. However, there was no survivorship provision and, before Mrs. Lovett could recover, she bore the burden of proof that her mother intended to make a gift inter vivos to her of the C.D., and no such evidence was before the trial court."
Lovett v. Uptain, supra, at 114-115.
I would affirm the trial court's decision. Title should not vest in the survivor absent some indication of survivorship in the certificate of deposit.
BEATTY, J., concurs.