Appellees, Louise Howard Burton and Willis Howard, are the adult children of the late W.L. Howard. Louise and Willis brought this action against appellant, their brother W.L. Howard, Jr. (Lucian), to determine the ownership of funds on deposit in Central Bank of Albertville following the death of their father. The funds were evidenced by a certificate of deposit payable to "W.L. Howard or W.L. Howard, Jr." Louise and Willis claimed that the funds should be declared part of their father's estate. Lucian claimed that on his father's death, by operation of law, he became the owner of the funds. The trial court, sitting without a jury, held that the funds should be included in the estate. Lucian appeals. We reverse.
Three facts are relevant to the disposition of this case: 1) the certificate of deposit was made payable to W.L. Howard or W.L. Howard, Jr. (Lucian), 2) the certificate of deposit was issued February 17, 1978, and 3) W.L. Howard died November 27, 1981. The only issue this Court must address is the ownership of the funds in the certificate following the death of W.L. Howard.
In support of his claim, Lucian relies on Code 1975, § 5-1-25, which provides:
 "(a) When a deposit shall be made in any bank doing business in this state in the names of two persons payable to either of such persons, or payable to the survivor of them, the said deposit shall, upon the death of either of said persons, become the property of and be paid in accordance with its terms to the survivor, irrespective of whether or not the funds deposited were the property of only one of said persons, irrespective of whether or not at the time of the making of such deposit there was any intention on the part of the person making such deposit to vest the other with a present interest therein, and irrespective of whether or not only one of said persons during their joint lives had the right to withdraw such deposit and irrespective of whether or not there was any delivery of any bank book, account book, savings account book or certificate of deposit by the person making such deposit to the other of such persons.
 "(b) This section shall apply to certificates of deposit, as well as to savings accounts and checking accounts and shall also apply where a deposit is made in the names of more than two persons where there is a provision for survivorship."
Section 5-1-25 was repealed in 1980, Acts 1980, No. 80-658; however, when the certificate of deposit was issued in 1978, § 5-1-25 was in full force and *Page 1178 
effect; thus, the provisions of that statute control. Jones v.Jones, 423 So.2d 205, 207 (Ala. 1982). The trial court erred in holding that the certificate of deposit had to contain a survivorship provision in order for Lucian to be vested with the proceeds without regard to the donative intent of W.L. Howard. As Lucian correctly stated in his brief, the operative language of § 5-1-25, "stripped of non-essential clauses and phrases," provides:
 "(a) When a deposit shall be made in any bank doing business in this state in the names of two persons payable to either of such persons, or payable to the survivor of them, the said deposit shall, upon the death of either of said persons, become the property of and be paid in accordance with its terms to the survivor. . . ."
(Emphasis added.)
This Court has held, in cases involving deposits made in accordance with § 5-1-25, that donative intent is irrelevant.Jones v. Jones, supra; Harris v. Dial, 398 So.2d 679 (Ala. 1981). Harris stated:
 "That statute has been considered by this Court in Street, Admr. v. Hilburn, 295 Ala. 232, 326 So.2d 724
(1976), and by the Court of Civil Appeals, in Macon v. First National Bank of Ashford, Ala.Civ.App., 378 So.2d 1128 (1978), to give the survivor of such an account the right to the proceeds remaining at the death of the other, without any duty resting upon the survivor to show a donative intent upon the party furnishing the funds."
398 So.2d at 681. Moreover, the statute specifically provides that a deposit made in the names of two persons payable to either of such persons shall, in the event of the death of either, be paid to the survivor irrespective of whether or not the funds were the property of only one of the persons or whether or not the person making the deposit had any intention to vest the other with a present interest therein. Macon v.First National Bank of Ashford, 378 So.2d 1128, 1130
(Ala.Civ.App. 1979).
Louise and Willis rely on Chandler v. Farmers MerchantsBank, 355 So.2d 726 (Ala.Civ.App. 1978), for their position that in the absence of a survivorship provision the intentions of the parties in creating the account was a relevant inquiry. Their reliance is misplaced.
Chandler involved an interpleader action which was filed in order to determine the ownership of funds in a joint savings and checking account. Both accounts were in the name of Mr. or Mrs. B.C. Copeland. After Mr. Copeland died, Mrs. Copeland added the name of Mary Chandler to the checking account authorization signature card. She added the names of Mary Chandler and Ella Chandler to the savings account authorization signature card. The names of the accounts however, remained in their original form; Mr. or Mrs. B.C. Copeland.
Following Mrs. Copeland's death, Mary and Ella claimed ownership of the funds in the respective accounts on which their names had been added. After an ore tenus hearing the trial court ordered that the funds from both accounts be paid to the executor of Mrs. Copeland's estate. Mary and Ella appealed. The Court of Civil Appeals affirmed the trial court's judgment holding that in the absence of a survivorship provision an investigation into Mrs. Copeland's intent in adding names to her accounts was a relevant inquiry. Since Mary and Ella failed to provide evidence of any intent to make aninter vivos gift, they were not entitled to the funds in the accounts. 355 So.2d at 728.
On the basis of the facts in Chandler, the decision by the Court of Civil Appeals was correct. The facts presented in the present case, however, are not the same as those presented inChandler. Unlike the certificate of deposit in this case, the disputed accounts in Chandler were not "made in the names of two persons payable to either of such persons." Section 5-1-25 (a) and (b) make a clear distinction between an account in the names of two persons payable to either of such persons and an account in the names of more than two persons without a survivorship provision. *Page 1179 
Only as to the latter is donative intent a relevant inquiry.
Finally, in Ex parte Lovett, 450 So.2d 116, 117 (Ala. 1984), we recognized the effect that passage of Code 1975, § 5-5A-41, had on § 5-1-25: "Section 5-5A-41 made a critical change in the law. The conclusive presumption of survivorship and donative intent created by § 5-1-25 was eliminated by § 5-5A-41."
The language of § 5-1-25 could not be more plain or simple, and when the plain meaning of a statute can be gleaned from its words, it should be construed in accordance with that plain meaning. Mobile County Republican Executive Committee v.Mandeville, 363 So.2d 754, 757 (Ala. 1978). The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
FAULKNER and BEATTY, JJ., dissent.