I respectfully dissent. It is my opinion that the majority misconstrues § 5-1-25, Code 1975. At first blush the operative language of the section might seem to dictate the result reached by the majority. A closer inspection of the statute, however, yields a different result.
Section 5-1-25 provides that when bank deposits are made in "the names of two persons payable to either of such persons, or payable to the survivor of them, the deposit shall, upon the death of either of said persons, become the property of . . . the survivor." The majority construes the statute to mean that where money on deposit in a bank is payable "to either A or B," even in the absence of a survivorship provision, the money becomes B's property on A's death.
If the majority's conclusion that under § 5-1-25 (a) it is not necessary to have any language in the contract indicating an intention to create a right of survivorship in order for the statute to vest title in the survivor is correct, what possible meaning does the language in the statute "or payable to the survivor of them" have? The tacit assumption underlying the majority's interpretation is that subsection (a) of the statute contemplates two different situations: (1) deposits made in the names of A and B and payable to either A or B; or (2) deposits made in the names of A and B and payable to the survivor of A or B. That assumption seems unreasonable to me, because it seems highly unlikely that two people might deposit money into a bank account in such a form that the money could be withdrawn only by their survivor. It seems much more likely to me that the statutory language, "in the names of two persons payable to either of such persons, or payable to the survivor of them" refers to one type of situation, viz., where deposits made by two persons are payable to either of the two persons or to their survivor.
Construing subsection (a) in such a way that no survivorship provision is necessary in order for title to vest by operation of the statute in the survivor is also at odds with the plain wording of subsection (b) of the statute. Subsection (b) provides that the act applies to deposits "made in the names of more than two persons where there is a provision for survivorship." The majority concludes from this language that a different rule applies to deposits by more than two persons. Under the majority's interpretation of the statute, if money on deposit was payable "to A or B," then on A's death B would own the money by operation of the statute; whereas, if money on deposit was payable "to A, B, or C," then on A and B's death title would not vest in C by operation of the statute. Is it reasonable to assume that the legislature intended for the statute to yield such anomalous results? Is it not more reasonable to construe the language of subsection (a) in such a way that the same results would be obtained when three people deposited money as are obtained when the deposit was made by two persons? *Page 1180 
The majority's interpretation also assumes that the legislature intended to obtain with regard to survivorship of jointly owned bank accounts results different from those obtained with regard to all other forms of jointly owned property in Alabama. Section 35-4-7, Code of Alabama, provides that jointly owned property does not vest in the survivor unless an intention for it to do so is expressed in the instrument creating the joint tenancy. Both sections 35-4-7 and 5-1-25 relate to jointly owned property. It is a fundamental rule of statutory construction that statutes relating to the same subject are to be construed pari materia, for the purpose of giving effect to the legislative intention.
In Ex parte Lovett, 450 So.2d 116 (Ala. 1984), a joint certificate of deposit was owned by "Cora Spruell or Betty Lovett." The record in that case was silent as to the date of the creation of the joint ownership of the certificate between Mrs. Spruell and Mrs. Lovett. Lovett v. Uptain, 450 So.2d 113,114 (Ala.Civ.App. 1983). Since it was impossible to determine from the record whether the joint ownership of the certificate was created prior to the repeal of § 5-1-25, it was impossible to determine whether § 5-1-25 controlled the disposition of the proceeds. Without addressing the question of the applicability, vel non, of § 5-1-25, this Court ruled, based on § 35-4-7, that the survivor was not entitled to the proceeds because the certificate did not contain a provision establishing a right of survivorship. Ex parte Lovett, supra, at 117. Given the decision that we reached in Lovett, it appears that we concluded in that case that a survivorship provision in the instrument creating the tenancy would have been necessary in order for title to vest in the survivor even if the certificate was created before the repeal of § 5-1-25. Clearly, the appellant in the present action thought that to be the case, since he asked us to reconsider our holding in Lovett. At any rate, the Court of Civil Appeals' decision, which we affirmed, expressly states that the same result would obtain under either statute:
 "If a joint certificate of deposit had been created before May 28, 1980, and had it included a survivorship provision, Mrs. Lovett would have been vested by § 5-1-25 with the proceeds of that certificate without regard to the interest of Mrs. Spruell. However, there was no survivorship provision and, before Mrs. Lovett could recover, she bore the burden of proof that her mother intended to make a gift inter vivos to her of the C.D., and no such evidence was before the trial court."
Lovett v. Uptain, supra, at 114-115.
I would affirm the trial court's decision. Title should not vest in the survivor absent some indication of survivorship in the certificate of deposit.
BEATTY, J., concurs.