JONES, Justice.
This appeal is based on a dispute over the ownership of several certificates of deposit, on which both the appellant, Wilburn 0. Messer, and the appellee, Charlie Britt Kennedy, are listed as owners. The trial court entered a partial summary judgment in favor of Charlie Britt Kennedy, finding that he is the rightful owner of the certificates and ordering that Messer return the certificates to Kennedy. Messer appeals. We affirm.
Messer, who resides in Tallahassee, Florida, is Kennedy’s nephew. Kennedy, an 84-year-old man, resides in Midland City, Alabama, where he lived with his two brothers until their deaths, one in 1977 and the other in 1987. At the death of the second brother, Messer came to Alabama to help his uncle with the funeral arrangements and with his financial affairs. The evidence presented showed that there was about $10,000 in cash in Kennedy’s house and that there were several certificates of deposit (“CD’s”), of which Kennedy’s recently deceased brother had been trustee for the benefit of Kennedy. Messer testified in deposition that he and Kennedy went to the bank and converted the already existing CD’s to his name and Kennedy’s and that they purchased several other CD’s with the $10,000 cash, insurance proceeds, and proceeds from the sale of land jointly owned by the Kennedy brothers. Messer testified that Kennedy asked him to take care of the money for him, although Kennedy testified that he did not remember any of the bank transactions just mentioned. Messer testified that he had his name added with Kennedy’s to the CD’s solely for Kennedy’s benefit and that he had always told Kennedy that the money was Kennedy’s and was available to him at any time. The interest from the CD’s was paid into a joint checking account that was owned by Messer and Kennedy. Messer, however, testified that he never took funds from the account, except to purchase a CD when the account became too large.
Messer says that he retained possession of the CD’s when Kennedy’s son and daughter went to Florida and requested the documents, saying that they were “taking over everything.” Messer, who said that up until that time he had never had any displeasure expressed by his uncle as to his management of the funds, refused to give the documents to Kennedy or to Kennedy’s son and daughter. Kennedy then filed a complaint, alleging conversion, fraud and misrepresentation, and breach of trust or contract and seeking rescission or reformation of the CD’s. The trial court’s order addressed only the issue of rescission or reformation of the CD’s, leaving the remaining issues for adjudication.
For summary judgment to be proper, there must be no genuine issue of material fact and the moving party must be entitled to a judgment as a matter of law. A.R. Civ.P. 56(c). Kennedy, in moving for summary judgment, relied upon the pleadings, the depositions of Messer and Kennedy, and Kennedy’s affidavit. To refute Kennedy’s assertion of ownership, Messer offered his affidavit, which stated simply that the backs of the CD’s set forth the agreement as to their ownership. Kennedy amended his motion for summary judgment by adding the affidavit of Jimmy Adkinson, who is the vice-president of First Alabama Bank in Dothan, Alabama, where the CD’s were purchased. Adkinson’s testimony was that the language on the back of the CD’s simply means that the CD’s can not be transferred into a third party’s name without first being cashed. He testified that the bank has no other documents describing the true ownership of the funds.
All of the testimony relied upon by Kennedy in his motion for summary judgment indicates that he is the owner of the certificates, that Messer was not a trustee over the funds, and that Kennedy *790 never gave as a gift to Messer any of the disputed funds. Messer, himself, testified that he had access to the funds solely for his uncle’s benefit and that the money belonged to his uncle. Messer failed to produce any evidence that raised a genuine issue of material fact as to the ownership of the funds. All of the evidence presented indicated a clear intention of Kennedy and Messer that Messer had no right to the funds but that he was merely added as a signatory on the CD’s for the protection of his aging uncle. There is no evidence that Messer was a joint tenant, that he had received any right to the funds through an inter vivos gift, or that he was a trustee over the funds. As was held in Ex Parte Lovett, 450 So.2d 116 (Ala.1984),[1] where two parties’ names appear on a CD and the funds used to purchase the CD belonged to one of the parties, unless there is evidence that the party whose funds were used to purchase the CD intended to make a gift or create a trust, the other party’s claim to the funds must fail. This is especially true where, as here, the parties’ intentions are clear. Therefore, the legal right to the funds belongs to Kennedy, and the court was correct in entering the partial summary judgment in favor of Kennedy.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. Ex Parte Lovett concerns the survival of one person who was named jointly on a certificate of deposit. Although this case does not involve a survivor, the principle enunciated in Lovett is applicable.